```
 1              UNITED STATES BANKRUPTCY COURT
                    DISTRICT OF DELAWARE
 2

 3  IN RE:                         )  Case No. 09-10695 (CSS)
                                   )  Chapter 11
 4  ANDERSON NEWS LLC              )
                                   )
 5          Debtor.                )
                                   )
 6  _____ )
                                   )
    AMERICAN MEDIA, INC., BAUER    )
 7  MAGAZINE L.P., BAUER PUBLISHING)
    COMPANY, L.P. HEINRICH BAUER   )
 8  NORTH AMERICA, INC. HEINRICH   )  Adv. Proc. No. 11-53811
    BAUER PUBLISHING, L.P., CURTIS )  (CSS)
 9  CIRCULATION COMPANY, LLC, KABLE)
    DISTRIBUTION SERVICES, INC.,   )
10  TIME WARNER RETAILS SALES &    )
    MARKETING, INC., on behalf of  )
11  ANDERSON NEWS, LLC, DEBTOR and )
    DEBTOR IN POSSESSION           )
12                                 )
            Plaintiffs,             )
13                                 )
           v.                       )
14                                 )
    ANDERSON MANAGEMENT SERVICES,  )  Courtroom No. 6
15  INC, ANDERSON MEDIA            )  824 Market Street
    CORPORATION, ANDERSON NEWS     )  Wilmington, Delaware 19801
16  COMPANY SOUTHWEST, LLC         )
    ANDERSON SERVICES, LLC         )  January 12, 2012
17  BROOKVALE HOLDINGS, LLC,       )  2:00 P.M.
    DISPLAY SERVICES, INC., FIRST  )
18  MEDIA CAPITAL CORPORATION,     )
    MSOLUTIONS, LLC, PROLOGIX      )
19  DISTRIBUTION SERVICES EAST     )
    LLC, and TWIN RIVERS TECHNOLOGY)
20  GROUP, LLC                     )
                                   )
21          Defendants.            )

22
                     TRANSCRIPT OF HEARING
23           BEFORE HONORABLE CHRISTOPHER S. SONTCHI
                  UNITED STATES BANKRUPTCY JUDGE
24

25
```

```
 1  APPEARANCES:

 2  For the Debtor In            Ciardi Ciardi & Astin
    Possession:                  BY:  JOHN D. MCLAUGHLIN, JR., ESQ.
 3                               919 Market Street, Suite 700
                                 Wilmington, Delaware 19801
 4                               (302) 658-1100

 5  For the Plaintiffs:          Potter, Anderson Corroon, LLP
                                 By:  JEREMY RYAN, ESQ.
 6                               Potter Anderson & Corroon LLP
                                 1313 N. Market Street
 7                               Wilmington, DE 19899-0951
                                 (302) 984-6000
 8
    For The Anderson             Alston & Bird
 9  Defendants:                  By:  GRANT T. STEIN, ESQ.
                                 One Atlantic Center
10                               1201 West Peachtree Street
                                 Atlanta, GA 30309-3424
11                               (404) 881-7000

12
    ECRO:                        LESLIE MURIN
13
    Transcription Service:       Reliable
14                               1007 N. Orange Street
                                 Wilmington, Delaware 19801
15                               Telephone:  (302) 654-8080
                                 E-Mail:  gmatthews@reliable-co.com
16
    Proceedings recorded by electronic sound recording:
17  transcript produced by transcription service.

18

19

20

21

22

23

24

25
```

1                              INDEX

2                                                               Page
  OPENING STATEMENT:
3 For the Debtor In Possession, by Mr. McLaughlin                  4

4 NOTICE OF AGENDA MATTERS:
  For the Plaintiffs, by Mr. Ryan                                  5
5 For Anderson Defendants, by Mr. Stein                            8

6
  EXHIBITS:
7

1           THE CLERK:  All rise.

2           THE COURT:  Please be seated.

3           MR. MCLAUGHLIN:  Good afternoon, Your Honor.

4           THE COURT:  Good afternoon.

5           MR. MCLAUGHLIN:  May I proceed?

6           THE COURT:  Yes.

7           MR. MCLAUGHLIN:  For the record, Jack McLaughlin,
8 Ciardi Ciardi & Aston on behalf of Anderson News LLC, the
9 Debtor in Possession.

10           Your Honor, there's only two things on the agenda
11 this afternoon, and one of them the Court has been kind
12 enough to enter an order on.  So that leaves us with the
13 pretrial conference in the adversaries commenced against
14 Anderson Media *et al*.  And Mr. Ryan is present in the Court
15 for the Plaintiffs.

16           Also, with me today is Jeff Gleit from the Kasowitz
17 firm on behalf of the Debtor in Possession in case the Court
18 has any need of us.  And of course Mr. Stein and Mr. Pacetti
19 on behalf of the parent companies, and who happen to be the
20 Defendants.

21           The Defendants have filed a number of motions.  I
22 don't know whether the Court wants to hear from Mr. Stein
23 first or Mr. Ryan first.

24           THE COURT:  I don't have them, right?

25           MR. MCLAUGHLIN:  No, they're not up for today.

1  THE COURT: Oh.
2  MR. MCLAUGHLIN: There is a motion to dismiss and
3 motion to determine coreness (phonetic).
4  THE COURT: Coreness.
5  MR. MCLAUGHLIN: There's another motion of some sort
6 I think. Coreness is, what's the name, what does one call
7 that?
8  THE COURT: CD.
9  MR. MCLAUGHLIN: Anyway, so again I don't know how
10 you want to go, with the movants first or the Plaintiff
11 first, so.
12  THE COURT: Well, let me hear from the Plaintiff,
13 it's their case.
14  MR. MCLAUGHLIN: Thank you, Your Honor.
15  MR. RYAN: Thank you, Your Honor. Jim Ryan on
16 behalf of Potter Anderson, on behalf of the Plaintiffs. This
17 should be brief, Your Honor. We did just want a pretrial
18 conference to let Your Honor know where we were in this stage
19 of the proceedings. The complaint was filed in November.
20 Mr. Stein represents nine out of the ten Defendants. Mr.
21 Farnan is in back of the courtroom, Saul Ewing represents
22 ProLogix which is the tenth Defendant.
23  Mr. Stein did file on the 30th, he filed his motion
24 to dismiss on behalf of his nine clients, and they did also
25 file a motion to withdraw the reference, a motion to

1  determine core or non-core, and also a motion to stay the

2  proceedings pending the District Court's resolution of the

3  motion to withdraw the reference.

4       And we just wanted to make sure that Your Honor,

5  take this time and let Your Honor be aware that ProLogix does

6  have a further extension to respond until the 18th of January,

7  so we'll be getting either an answer or some sort of

8  responsive motion next week from them.  But in all candor,

9  Your Honor, we just want to let Your Honor know where the

10 proceedings were, and let Your Honor know that there are a

11 number of motions on file, some of which will come to your

12 attention.

13       The Plaintiffs did file their responses to the three

14 motions of Mr. Stein's clients yesterday, I think Mr. Stein's

15 responses are due next week.  And at that point, I think

16 you'll probably see a notice of completion of briefing, not

17 too far after that.  And then we'll await Your Honor.

18       THE COURT:  You said four motions.

19       MR. RYAN:  A motion to dismiss and then three other

20 motions, they are, withdraw the reference, core/non-core, and

21 then a motion to stay the proceedings.

22       THE COURT:  Stay pending the motion practice?

23       MR. RYAN:  I think it's for a stay pending

24 determination of the withdraw of the reference.

25       THE COURT:  Okay.  And you're satisfied to limit it

1  at this point to briefing or do you want to schedule with
2  discovery, or what's the, what's the Plaintiff's position?
3      MR. RYAN:  I don't think anyone needs discovery on
4  those three motions, Your Honor.  They can be I think, I
5  don't want to speak for Mr. Stein, but I think we filed our
6  responsive papers yesterday, I don't think there's anything
7  outside of the record that's already before the Court to --
8      THE COURT:  No, I'm not talking about --- get a
9  12(b)(6) motion to dismiss in an adversary proceeding, the
10 Court takes it under advisement.  Sometimes it happens fast,
11 sometimes it doesn't.
12     MR. RYAN:  Understood.  And --
13     THE COURT:  And sometimes if plaintiff wants to go
14 forward with the merits of the complaint, and the defendant
15 doesn't, and we get into an issue of whether the case should
16 stop or go forward.  So I'm trying to get a vibe or answer as
17 to --
18     MR. RYAN:  The vibe from the Plaintiffs on that,
19 Your Honor, would be that we expect to go forward with the
20 litigation in the case while all those motions are pending.
21 We understand that sometimes those can take a long period of
22 time as it used to be with a lot of the, the heavier docket,
23 some time ago, that the cases proceeded while motions such as
24 motions to dismiss or motions to transfer were --
25     THE COURT:  Have you talked about a scheduling

order?

MR. RYAN: We have not had discussions with the scheduling order yet. We did want to get through this initial hurdle of I think this series of initial motions on where the, where the action is going to lie and whether it's going to be stayed pending the withdraw of the reference motion. We wanted to get past that initial hurdle first, and we also still have yet to see what ProLogix is going to file.

THE COURT: Well, the motion to dismiss the core and non-core in front me, are you, is the, and the withdrawal reference obviously in front of the District Court, who's the stay pending a determination of the withdraw reference motion going to be filed in front of? Are you asking for a determination? This is the easiest [indiscernible]

MR. RYAN: Mr. Stein, I think he's filed it in front of you, Your Honor.

THE COURT: Let me hear from the Defendants then. Thank you, Mr. Ryan.

MR. STEIN: Thank you, Your Honor. Grant Stein, Alston & Bird on behalf of the Anderson Defendants as defined. The motion to stay is pending before Your Honor, as we understand was the appropriate place for that to be filed.

THE COURT: That's fine. Okay. Tell me a little bit about your position on where we're headed here.

MR. STEIN: Once we get to the point where we figure

1 out what court we're going to be in front of and get to the
2 point where we determine what issues are going to be in the
3 case, which the motion to dismiss goes through, at that
4 point, it's appropriate to proceed. So --
5     THE COURT: Have you moved to dismiss the entirety
6 of the complaint or just certain counts?
7     MR. STEIN: The entirety of the complaint.
8     THE COURT: Is it, is the core, non-core motion for
9 withdraw reference based on *Stern v. Marshall* type arguments
10 or something else?
11     MR. STEIN: Prior early *Stern vs. Marshall* type
12 arguments. There are other aspects of it that have existed
13 for a long period of time. I'm happy to touch on those. I
14 mean you have essentially, if my calculation is correct,
15 about 10 of the 15 counts not including the ProLogix, so
16 there's 16 counts, 15 dealing with my clients where there are
17 jury issues. So you have the no proof of claim filed which
18 implicates Stern, which also implicates *Katchen vs. Landy*
19 (phonetic), and the jury issues. But there is, you know, the
20 law, as you know, from the *U.S. Digital* decision it is
21 evolving quickly. And so but those are the two of the
22 primary areas that it addresses is how you deal with that and
23 how you make sure that it proceeds in a single form from a
24 single court that has full judicial authority.
25     THE COURT: Okay. All right. And I assume you're

```
 1  not going to want discovery to go forward until the motion
 2  practice is done.
 3          MR. STEIN:  Yes, Your Honor.  I haven't, to be
 4  candid with you, I haven't really thought about that in
 5  detail, but until we know what's there and what we're taking
 6  discovery on, then we're not going to know that until the
 7  motion to dismiss is decided.  I don't know how I could do it
 8  any other way.
 9          THE COURT:  Okay.  And what are, give me, maybe Mr.
10  Ryan or you, whichever is appropriate, some flavor for the
11  types of counts that have been filed.  I haven't looked at
12  the complaint, so.
13          MR. STEIN:  You mean the substance of the complaint?
14          THE COURT:  Yes.
15          MR. STEIN:  You have bankruptcy preference claims.
16  You have state law debates claims under 544(b) and you have
17  548 claims.
18          THE COURT:  Okay.  And that's pretty much the
19  universe.
20          MR. STEIN:  That's it.
21          THE COURT:  Okay. All right. Okay.
22          MR. STEIN:  I say that, that's my best recollection
23  and I will tell you that I pay attention.
24          THE COURT:  I'm glad you are.  Okay.  Let me just
25  see when we're, when I'm going to see you guys next.  Well,
```

```
 1  let's see.  Tell you what, let's put this on for a further
 2  status conference on March 8th unless that's a problem.  And
 3  by then I'll have the completion of briefing binders, I'll
 4  have some idea how long it's going to take me to decide, how
 5  quickly these issues can be decided, and that will then form
 6  my decision about you know whether we go forward with
 7  discovery or whether we wait until we work through the whole
 8  motion practice issues.
 9          So at this time, I'm not going to enter any kind of
10  scheduling order, you haven't even had a chance to talk about
11  it.  And I'll see you on March 8 just to make sure we keep it
12  moving in a positive direction and it's on the calendar.  And
13  that's at 1:00 p.m., I believe.  And I'll have a much better
14  idea, you know, two months from now as to the proper way to
15  manage the case.  Okay?  Everybody looks dumbstruck.  Was it
16  --
17          MR. MCLAUGHLIN:  It's right after lunch.
18          THE COURT:  Yeah, I was going to say was it that,
19  was it that crazy of a ruling?
20          MR. RYAN:  I don't think it was that crazy.  I don't
21  know if there's an earlier hearing, Your Honor, I think that
22  the briefing could be done.
23          THE COURT:  There's one in February, but you know I
24  don't want to rush it on the completion of briefing binders.
25  So, and if I get them on March 7th, on February 7th, you know,
```

1  I really don't have an idea, I won't have time to figure out
2  how much time it's going to take.
3          MR. RYAN:  Fair enough, Your Honor.  I will get
4  asked if I asked and I asked.
5          THE COURT:  Yep, you asked, you lost.
6          MR. RYAN:  Honestly, Your Honor, that's it.  We just
7  really wanted to get in front of you to let you know what --
8          THE COURT:  I appreciate it.
9          MR. RYAN:  That's all the Plaintiffs had for today,
10 Your Honor.
11         THE COURT:  Okay.  We're done?  We're adjourned.
12         MR. MCLAUGHLIN:  Thank you, Your Honor.
13     (Hearing Adjourned at 2:14 P.M.)
14
15                         CERTIFICATE
16 I certify that the foregoing is a correct transcript from the
17 electronic sound recording of the proceedings in the above-
18 entitled matter.
19 /s/Mary Zajaczkowski                    January 17, 2012
20 Mary Zajaczkowski, CET**D-531                  Date