UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | . | Chapter 11 |
| | . | |
| ANDERSON NEWS, LLC, | . | Case no. 09-10695(CSS) |
| | . | (Jointly Administered) |
| | . | |
| | . | March 8, 2012 |
| | . | 1:00 p.m. |
| Debtor. | . | (Wilmington/Telephonic) |
| | . | |

.............................................................

| | | |
|---|---|---|
| AMERICAN MEDIA, INC., BAUER MAGAZINE L.P., BAUER PUBLISHING COMPANY, L.P., HEINRICH BAUER NORTH AMERICA, INC., HEINRICH BAUER PUBLISHING, L.P., CURTIS CIRCULATION COMPANY, LLC, KABLE DISTRIBUTION SERVICES, INC., and TIME WARNER RETAIL SALES & MARKETING, INC., on behalf of ANDERSON NEWS, LLC, DEBTOR and DEBTOR IN POSSESSION, | . | |
| Plaintiffs, | . | |
| v. | . | Adv.Proc.No. 11-53811(CSS) |
| ANDERSON MANAGEMENT SERVICES, INC., ANDERSON MEDIA CORPORATION, ANDERSON NEWS COMPANY SOUTHWEST, LLC, ANDERSON SERVICES, LLC, BROOKVALE HOLDINGS, LLC, DISPLAY SERVICES, INC., FIRST MEDIA CAPITAL CORPORATION, MSOLUTIONS, LLC, PROLOGIX DISTRIBUTION SERVICES EAST, LLC, and TWIN RIVERS TECHNOLOGY GROUP, LLC, | . | |
| Defendants. | . | |

.............................................................

American Book, Co., . 11-53956
Kash N' Karry Food Stores, Inc., . 11-53957
American Girl Publishing, Inc.,. 11-53958
Globe Pequot Press, Inc., . 11-53959
Athlon Sports Communications, .
Inc., . 11-53960
Harcourt Brace Jovanovich, .
Inc., . 11-53961
Komar Company, Inc., . 11-53962
Baker Book House Company, . 11-53963
Leisure Arts, Inc., . 11-53965
Hawaii Fishing News, . 11-53966
Barrons' Educational Series, .
Inc., . 11-53967
Houghton Mifflin Harcourt .
Publishers, Inc., . 11-53968
McGraw-Hill Publishing .
Company, Inc., . 11-53969
Blind Vendors Ohana, Inc., . 11-53970
Hudson News Company, . 11-53971
McKeever Enterprises, Inc., . 11-53972
Meredith Corporation, . 11-53973
International Paper Company, . 11-53975
Kahului Airport Newsstand, . 11-53976
National Book Network, Inc., . 11-53977
Cities West Publishing, Inc., . 11-53978
The News Group Inc., . 11-53979
Coast to Coast Newsstand .
Services Partnership, . 11-53981
Old Dominion Freight Line, .
Inc., . 11-53982
Tyndale House Publishers, Inc.,. 11-53983
Cosentino's Food Stores, . 11-53985
UMI Publications, LLC, . 11-53986
Safeway, Inc., . 11-53987
United Parcel Service Co., . 11-53988
Cutter Communication, Inc., . 11-53989
Save Mart Supermarkets, . 11-53990
W.W. Norton & Company, Inc., . 11-53991
Winn-Dixie Stores, Inc., . 11-53992
Dahl's Food Mart, Inc., . 11-53993
Sports Time Publishing Co., . 11-53994
Workman Publishing Co. Inc., . 11-53995
Diamond Comic Distributors, .
Inc., . 11-53996
Sterling Publishing Co., Inc., . 11-53997
Dierbergs Markets, Inc., . 11-53998
The Cat's Pause, LLC, . 11-53999

United States Naval Institute, . 11-54000
Coast Guard Exchange System, . 11-54001
Advanced Finishing & Display .
Corp., . 11-54010
Benjamin News Group, . 11-54011
Pearson Education, Inc., . 11-54012
Perseus Books, L.L.C., . 11-54013
Rays Food Place, . 11-54015
Sandhills Publishing Company, . 11-54017
Fareway Stores, Inc., . 11-54018
Thomas Nelson, Inc., . 11-54022
Gelson Enterprises, Inc., . 11-54023
John Wiley & Sons, Inc., . 11-54024
The Navy Exchange Service .
Command, . 11-54025
MPS, . 11-54027
Source Interlink Companies, .
Inc., . 11-54028
Source Interlink Distribution, .
LLC, . 11-54029

Defendants.

..............................................................

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtors: Alissa Gazze, Esq.
Ciardi, Ciardi & Astin

For the Trustee: Benjamin Hackman, Esq.
Office of the United States Trustee

For Anderson Management Services, Inc., *et al.*: Grant T. Stein, Esq.
Alston & Bird, LLP

Domenic E. Pacitti, Esq.
Klehr, Harrison, Harvey, Branzburg, LLP

| | |
|---|---|
| For Prologix Distribution Services East, LLC: | Luke Murley, Esq.<br>Saul Ewing, LLP |
| For Cosentino's Food: | Shanti M. Katona, Esq.<br>Polsinelli Shughart, P.C. |
| For MacMillan Publishing: | Tamara K. Minott, Esq.<br>Morris, Nichols, Arsht & Tunnell, LLP |
| For Leisure Arts: | Johnna M. Darby, Esq.<br>The Darby Law Firm, LLC |
| For the Ma??? Creditors: | Jeremy W. Ryan, Esq.<br>Etta Wolfe, Esq.<br>Potter, Anderson & Corroon, LLP |
| For Save Mart Supermarkets: | Kevin G. Collins, Esq.<br>Bifferato, LLC |
| For the Coast Guard/ NEXCOM: | Ellen Slights, Esq.<br>United States Attorney's Office |

VIA TELEPHONE:

| | |
|---|---|
| For the Debtors: | Jeffrey R. Gleit, Esq.<br>Kasowitz, Benson, Torres & Friedman, LLP |
| For National Book Network, Inc.: | David M. Banker, Esq.<br>Lowenstein Sandler, P.C. |
| For the Examiner: | Robert Troisio<br>BTB Associates, LLC |
| For Prologix Distribution Services East, LLC: | John H. Culver, III, Esq.<br>K&L Gates, LLP |
| For Hawaii Fishing News: | Patrick W. Carothers, Esq.<br>Thorp, Reed & Armstrong, LLP |

| | |
|---|---|
| For Pearson Education, Inc.: | Angela Z. Miller, Esq.<br>Phillips Lytle, LLP |
| For Thomas Nelson, Inc.: | Wendy M. Warren, Esq.<br>Bass, Berry & Sims, PLC |
| For Anderson Media Corporation: | Heather B. Asher, Esq.<br>Alston & Bird, LLP |

Audio operator: Leslie Murin

Transcriptionist: Reliable
1007 N. Orange Street
Wilmington, Delaware 19801
Telephone: (302) 654-8080
E-mail: gmatthews@reliable-co.com

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

THE CLERK: All rise.

THE COURT: Please be seated. Good afternoon.

MS. GAZZE: Good afternoon, Your Honor. Alissa Gazze of Ciardi, Ciardi & Astin on behalf of the Debtor, Anderson News, LLC. The first two items on the agenda today relate to adversary proceeding 11-53811, so I will cede the podium to Grant Stein of Alston & Bird to handle those.

THE COURT: All right.

MR. STEIN: Good afternoon. Your Honor had asked for a status report. We're actually the Defendants. I'm happy to turn it over to Mr. Ryan, or I can let you know where things are.

THE COURT: However you want to proceed.

MR. STEIN: Do you have a preference?

MR. RYAN: (Indiscernible.)

MR. STEIN: The motion to withdraw the reference has been docketed. It's in front of Judge Stark in the District Court. The copies of all the necessary filings - - I didn't know I was going to be doing this, Your Honor. I'm sorry. Copies of all the filings have been sent over. And that's kind of where things are at this point.

THE COURT: Well has any discovery been going on? Mr. Ryan, why don't you speak?

MR. RYAN: Sure, Your Honor. I guess, you know, more thoroughly, there had been, Mr. Stein had filed four

motions in connection with the adversaries. There's a motion to dismiss, a motion to, before Your Honor to determine core/non-core, and a motion to stay the adversary proceeding. As well as the motion to withdraw the reference, which is before Judge Stark. When we were last here in January, Your Honor, we briefly touched on those motions without touching on the substance of them. And what Your Honor had wanted was for us to come back in March so that you had a, you said you wanted to get a sense of the briefing and let it complete, which has all completed in January and February. We have not taken any discovery. We took from Your Honor's comments of let's just keep the status quo for the next two months until we come back in March, we took that as at least an implicit instruction not to pursue or move the case forward, especially with Mr. Stein's motion to stay. One of the things we would like to get a sense from Your Honor is where we are with respect that. We have voluntarily not pursued discovery or a Rule 16 scheduling conference. We would like to get on with that, Your Honor. So that was one of our objectives in today's status conference.

THE COURT: Have you heard anything from Judge Stark one way or the other?

MR. RYAN: We have not heard anything from Judge Stark on the motion to withdraw the reference, Your Honor. Judge Stark does have the three appeals of the Valle Makoff

and Potter Anderson retention orders and the Rule 2004 order Your Honor entered last Fall. So he's, we've touched on that, on those appeals from Judge Stark. But we haven't heard anything with respect to the motion to withdraw the reference.

THE COURT: Anything else? Well - - go ahead. Here's what - - I'm sorry. Here's going to be my point. I think the context of the briefing has changed, given the District Court's recent modification of the order to withdraw reference. Which I take to mean that I handle matters, core or non-core. And when they're done, I issue my ruling and at that time, you go talk to the District Court about whether you agree with my determination that it's core or non-core. In addition, this District Court has long had an informal policy in matters it has withdrawn to nonetheless send those matters back to this Court for pre-trial procedural matters. So that indicates to me that - - obviously I don't decide the motion to withdraw the reference, that's up to Judge Stark. And where I think this is headed, just to give you an idea of what I'm thinking, is that the stay won't be granted, because in all likelihood, even though there are jury trial issues at play, I believe it unlikely that that motion will succeed on the merits on front of Judge Stark. Excuse me, the motion to withdraw reference will be successful with Judge Stark, or even if it is successful, it's going to end up back here for

pre-trial procedures. So I would be inclined to, as I sit here today, without ruling just giving you my preliminary thoughts, to overrule the motion for stay and to keep the core/non-core motion in abeyance until the conclusion of this Court's work.

MR. RYAN: Very well, Your Honor. That's - -

THE COURT: I know you're happy. So let me hear from Mr. Stein. And then the issue becomes - - I'm sorry. Given all that, the issue becomes how do we deal with the motion to dismiss? Do we deal with that first, or do we let the discovery and the motion proceed on parallel tracks?

MR. STEIN: Let me work backwards to address that question first.

THE COURT: Sure.

MR. STEIN: And then I'm going to address the new Rule. With respect to discovery and the motion to dismiss, our view is until we know what the case is, it's not appropriate to go forward with discovery. And once that is addressed, whichever Court addresses it, at that point in time, parties can move forward. And realistically, again, we're not starting in a situation where there's a lot of discovery to do. We've been doing this for 13 months. We've already produced tens of thousands if not hundreds of thousands of documents. We're very, very far along that curve, if you will, in terms of what's been provided. And of

course, what has been given to the magazine creditors is in excess of what was given to the examiner. They asked for more. They got other documents. So to summarize, we do think that if Your Honor is going to keep it or not stay it, that first you should address the motion to dismiss. That's ready, ripe, you know, fully briefed, and that's here. With respect to the new order of reference here, it's basically identical to the one that was issued in the Southern District of New York. I don't know if there are going to be new rules issued as has taken place in the Southern District of New York, and if they have been issued, I missed them.

THE COURT: Well, I don't know either. Necessarily. But a rules, Local Rules process is usually a year-long process culminating in new rules effective February 1st. So if there are going to be new rules, the normal course would be to wait until February 1st before they became final. I haven't been, I don't think it's come up, frankly, among the Judges in my Court as to whether we're going to accelerate that process or not. I don't know.

MR. STEIN: Certainly. And - -

THE COURT: But just to answer your question about Local Rules.

MR. STEIN: With respect to the new order of reference, we would like to be able to address that with Your Honor before you make a final ruling on the motion to stay.

Probably can get a brief in on that, you know, within 10 days or so, if not sooner. There, we've looked at that preliminarily, we have some issues with it, and we'd like to put that writing. It's not going to be long. And it would be, obviously, related to the question of withdrawal of the reference. I would note that based on the analysis of Judge Arenas in the Appleseed's Intermediate Holdings case, I don't think that the entry of that order changes the analysis on 157(d), but Your Honor will get a chance to assess that in the context of the - -

THE COURT: Okay. So I've got the Ortiz decision, or?

MR. STEIN: No. Not the 7th Circuit's Ortiz decision. Judge Arenas withdrew the reference in a substantially similar situation and focused on - - in a case here, where he was sitting, I guess, a designation here in Delaware, where he looked at the issues that you have and focused on the differences in standard, what is subject to non-core findings and recommendations, how does the overlap get addressed. He looked at all of that in the context of a similar case to ours. Similar to ours in that in our case our view is that 11 of the 16 counts are counts where Stern comes into play. No proof of claim was filed. Or, the proof of claim was filed on Brookvale, but the issues raised in the avoidance actions are far beyond the scope of what was the

subject matter of the proof of claim. It's different. It's a little unusual if that's the case, but that's the case. And when you take a look at all that in bringing it all together, and you look at the - - and again, this would be in the briefing that we've done and would be in the supplemental brief just by reference, quickly. We think that there's still a substantial likelihood that the reference will be drawn, because the analysis doesn't change, even if the new rule is valid. And there are questions about that that we want to present to Your Honor in writing also that we've just started to look at, because we just became aware of the entry of the rule here in Delaware in the last several days. And it only was, I guess, entered on the 29th of February anyway. So with Your Honor's permission, within the next 10 days if we could file a supplemental brief, and then have, say, you know, a week after they file a response on that issue.

THE COURT: So that would be in connection with the stay.

MR. STEIN: That's where we think the issue is appropriate to be addressed here. It's not, it may overlap into the core/non-core, I don't know that it does. You've already, in USDigital, recognized that core/non-core isn't really the question anymore. It's a different question. So yes, it would be in connection with the stay and therefore, looking at the likelihood of what the District Court would do

on a withdraw of the reference with respect to the merits of that, which I think is part of your consideration in the stay area. In other words, where are going to be.

THE COURT: Yeah. I hear you. Okay. Okay. Anything - -

MR. STEIN: Thank you, Your Honor.

THE COURT: You're welcome. Mr. Ryan.

MR. RYAN: Your Honor, to respond to Mr. Stein's first, with respect to where we are on the motion to dismiss. Obviously we don't want to delay discovery or getting on with this case any further. The complaint's been on file for four months now. The motion to dismiss will be decided when it's decided. But I know we went through a more exhaustive process to file that complaint than most complaints, but Your Honor has already ruled that they were colorable claims and the examiner's standard was a motion to dismiss plus standard. So I think, you know, from our perspective, we have a fair degree of confidence that the majority, if not all, of the counts will survive a motion to dismiss, and maybe some of them may need to be re-plead. But in the meantime, there's no reason not to go forward with discovery in these cases. It's been sitting for four months, and frankly the examiner's report is almost a year old now. And as Your Honor recognized in the Fall, it's time to get on with these and time to start prosecuting these causes of

action to get this case to a conclusion. Not just the adversary, but I think everyone realizes the bankruptcy case as a whole is going to be somewhat dependent on the resolution of these adversaries. So we'd like to just get started. We'd like to have our Rule 16 scheduling conference, set out a scheduling order and get on with it as far as that. In terms of the new motion to withdraw, the new order on the reference and further briefing, I don't think any further briefing is necessary, Your Honor. The Appleseed's case is well briefed in both their opening brief, and I believe also in their reply. If that logic still applies, Your Honor, to make it, I don't think we need to do three more briefs in this case. I think we've, in four months, we've filed a good, collectively, 15,16, 17 briefs. With the whole appeals process to come, I think at this point we need to stop writing. Your Honor can start making some decisions, and in the interim we can start taking discovery.

THE COURT: Get off the pot, huh?

MR. RYAN: Not you, Your Honor. But we keep briefing stuff.

THE COURT: Yeah.

MR. RYAN: And it's time for us to stop briefing, and let you have control of it.

THE COURT: All right. I understand. I'm not going to, I don't want additional briefing. I agree with Mr.

Ryan, there's plenty of briefing. And the issue is sufficiently narrow, I think, that I, while it may have an effect one way or the other, but I think the briefing is adequate, and I don't think the . . . (indiscernible) . . . has been necessarily moved at all. And if it has, not much. But in any event, I think I have the information I need. So I will issue an order very shortly - - and I mean shortly, for once - - on the motion for a stay and the motion for core/non-core. And in connection with the . . . to withdraw reference motion, you're in front of Judge Stark. And in connection with the stay motion, I'll decide in connection with the motion it will . . . whether the stay continues to apply pending that, or whether we're allowed dual tracking. So I'll deal with all the open issues in an order timely. Okay?

MR. RYAN: Thank you, Your Honor.

THE COURT: Does anybody have a scheduling order?

MR. RYAN: No. We have not - -

THE COURT: No, no, no.

MR. RYAN: Oh.

THE COURT: For the adversaries.

MR. RYAN: Never mind, Your Honor.

THE COURT: That's okay. Pretrial conference for the adversary proceedings. I don't think it will take very long, but feel free to leave.

MR. RYAN: Thank you, Your Honor.

MS. GAZZE: Your Honor, if I may approach, I have a black line of the form of scheduling order.

THE COURT: Yes, please approach. Thank you.

MS. GAZZE: You Honor, the scheduling order that I've handed up tracks the form of scheduling order that was previously filed. The only changes that we've made are any references to filing motions for extension. We've also added language that the parties may stipulate to extensions upon, with Court approval for those. If you have any questions, I'm happy to answer those, otherwise I will let anyone else be heard.

THE COURT: All right. Does anybody want to be heard? Everybody agrees. Okay. That's fine with the stipulations. Just again to make clear, the Court has to approve those with a signed order. But you can certainly stip, you certainly don't need a motion, or anything like that. You can send over a stipulation.

MS. GAZZE: Thank you, Your Honor. And I believe all of the fee orders have been entered, so that's all for today.

THE COURT: Very good.

MS. GAZZE: Thanks.

THE COURT: Thank you.

(Whereupon at 1:25 p.m. the hearing in this matter was

concluded for this date.)

I, Jennifer Ryan Enslen, approved transcriber for the United States Courts, certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above entitled matter.

*/s/Jennifer Ryan Enslen* March 9, 2012

Jennifer Ryan Enslen
43 Bay Boulevard
Newark, DE 19702
(302)836-1905