## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | )<br>) Chapter 11<br>) |
| ANDERSON NEWS, LLC, | ) Case No. 09-10695 (CSS)<br>) |
| Debtor. | )<br>) |
| | ) |
| AMERICAN MEDIA, INC., BAUER MAGAZINE L.P., BAUER PUBLISHING COMPANY, L.P., HEINRICH BAUER NORTH AMERICA, INC., HEINRICH BAUER PUBLISHING, L.P., CURTIS CIRCULATION COMPANY, LLC, KABLE DISTRIBUTION SERVICES, INC., and TIME WARNER RETAIL SALES & MARKETING, INC., on behalf of ANDERSON NEWS, LLC, DEBTOR and DEBTOR IN POSSESSION | )<br>)<br>)<br>)<br>)<br>) Adv. Proc. No. 11-53811<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) |
| ANDERSON MANAGEMENT SERVICES, INC., ANDERSON MEDIA CORPORATION, ANDERSON NEWS COMPANY SOUTHWEST, LLC, ANDERSON SERVICES, LLC, BROOKVALE HOLDINGS, LLC, DISPLAY SERVICES, INC., FIRST MEDIA CAPITAL CORPORATION, MSOLUTIONS, LLC, PROLOGIX DISTRIBUTION SERVICES EAST, LLC, and TWIN RIVERS TECHNOLOGY GROUP, LLC, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>)<br>)<br>)<br>)<br>) |

**ANDERSON MANAGEMENT SERVICES, INC.'S ANSWER TO COMPLAINT**

Anderson Management Services, Inc. ("**Anderson Management**") files this Answer to the complaint (the "**Complaint**") filed in the above-captioned adversary proceeding by American Media, Inc., Bauer Magazine L.P., Bauer Publishing Company, L.P., Heinrich Bauer North America, Inc., Heinrich Bauer Publishing, L.P., Curtis Circulation Company, LLC, Kable Distribution Services, Inc., and Time Warner Retail Sales & Marketing, Inc. (collectively, "**Plaintiffs**").

**ANSWER TO THE COMPLAINT**

Anderson Management responds to the numbered paragraphs of the Plaintiffs' Complaint as follows below:

**NATURE OF THE ACTION**

1.        Anderson Management admits that the Plaintiffs have filed a complaint that alleges a number of transactions between the Debtor and the Anderson Defendants[1] are preference or fraudulent transfers and that in the aggregate, the transactions referenced in the Complaint total more than $70 million.   Any remaining allegations in Paragraph 1 of the Complaint are denied.  Because of the nature of this allegation, by way of further response, Anderson Management states that during the four years prior to the Debtor's petition date the Debtor made many transfers to companies related to the Debtor in the ordinary course of business as these companies provided critical services for a business that did nearly $1 billion in sales annually.  Likewise, the Debtor made many transfers to unrelated businesses with which

---

[1]        The term "Anderson Defendants" is used to refer to defendants Anderson Management, Anderson Media Corporation ("**Anderson Media**"), Anderson News Company Southwest, LLC ("**Anderson News Southwest**"), Anderson Services, LLC ("**Anderson Services**"), Brookvale Holdings, LLC ("**Brookvale**"), Display Services, Inc. ("**Display Services**"), First Media Capital Corporation ("**FMC**"), MSolutions, LLC ("**MSolutions**"), and Twin Rivers Technology Group, LLC ("**Twin Rivers**").

the Debtor did substantial business, including the Plaintiffs.    For example, within the 14 months preceding the involuntary bankruptcy filing, the Debtor paid Plaintiff Time Warner $175 million, including $20 million in December, 2008, and in the three months preceding the involuntary bankruptcy, the Debtor also paid Plaintiff Curtis $16 million.  As would be expected for a business as established and substantial as the Debtor, that did nearly $1 billion in sales annually, there were numerous transfers – both to insiders and non-insiders alike.  The payments made by the Debtor to two of its largest vendors and two of the Plaintiffs in this case, Time Warner and Curtis, provide several examples of the Debtor's continued payments in the ordinary course. Payments totaling $581,712,728 were made by the Debtor to Plaintiff Time Warner between January 1, 2006 and January 31, 2009.  The Debtor reduced its "EOM" (end of month) statement balance owed to Time Warner by approximately $50 million from approximately $136 million in January 2006 to approximately $78 million in January 2009.  Fifty million dollars to one supplier represents a material reduction for a company that the Plaintiffs invalidly allege was insolvent throughout this period.  Moreover, in December 2008 – and approximately two weeks prior to the surcharge initiative announcement – the Debtor made a payment to Plaintiff Time Warner of approximately $20 million.  A December 30, 2008 payment was the last made in 2008, a year in which the Debtor paid to Plaintiff Time Warner in excess of $175 million.  In similar fashion, the Debtor continued to make significant payments to its other non-insider vendors well into January 2009.  By way of example, the Debtor paid Plaintiff Curtis approximately $16 million in December 2008 and January 2009.  Significantly, the last payment made to Plaintiff Curtis on January 16, 2009 was made two days <u>after</u> the Debtor announced its surcharge initiative in a published interview in the industry newsletter known as Single-Copy.  The surcharge initiative was the catalyst for the Plaintiffs in this case to conspire to put the  Debtor out of business

3

according to the allegations in the antitrust case filed by the Debtor in New York. The payments by the Debtor to all of its creditors evidence a "business as usual" view by the Debtor. Common sense makes it obvious that were it the case otherwise, the Debtor would not have made such payments to the Plaintiffs in this case and instead hoarded the cash for its (or its insiders') benefit.

To provide context for the preceding, the Debtor has been in business since 1917 and remained in business for more than 90 years before it closed its doors permanently having been unsuccessful in its efforts to implement a surcharge initiative for the delivery of magazines. Immediately prior to its shutdown, the Debtor was one of the largest national wholesale magazine distributors and serviced approximately 30,000 retail customers in 37 states with $611 million in gross revenue for the fiscal year ending in September, 2008. Its customers included several major forces in the industry such as Wal-Mart, Kroger, and others. The Plaintiffs in this proceeding are several of the largest magazine publishers and national distributors in the United States with whom the Debtor did business and who are defendants in the antitrust litigation noted above.

2.      The allegations in Paragraph 2 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Anderson Management denies the allegations in Paragraph 2 of the Complaint.

3.      The allegations in Paragraph 3 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Anderson Management denies the allegations in Paragraph 3 of the Complaint. Because of the nature of this allegation, by way of further response, Anderson Management states that during the four years prior to the Debtor's petition date the Debtor made many transfers to companies related to the Debtor in the ordinary

4

course of business as these companies provided critical services for a business that did nearly $1 billion in sales annually.  Likewise, the Debtor made many transfers to unrelated companies with whom the Debtor did substantial business, including the Plaintiffs.  For example, within the 14 months preceding the involuntary bankruptcy filing, the Debtor paid Plaintiff Time Warner $175 million, including $20 million in December, 2008, and in the three months preceding the involuntary bankruptcy, the Debtor also paid Plaintiff Curtis $16 million.  As would be expected for a business as established and substantial as the Debtor, that did nearly $1 billion in sales annually, there were numerous transfers – both to insiders and non-insiders alike.  The payments made by the Debtor to two of its largest vendors and two of the Plaintiffs in this case, Time Warner and Curtis, provide several examples of the Debtor's continued payments in the ordinary course.  Payments totaling $581,712,728 were made by the Debtor to Plaintiff Time Warner between January 1, 2006 and January 31, 2009.  The Debtor reduced its "EOM" (end of month) statement balance owed to Plaintiff Time Warner by approximately $50 million from approximately $136 million in January 2006 to approximately $78 million in January 2009. Fifty million dollars to one supplier represents a material reduction for a company that the Plaintiffs invalidly allege was insolvent throughout this period.  Moreover, in December 2008 – and approximately two weeks prior to the surcharge initiative announcement – the Debtor made a payment to Time Warner of approximately $20 million.  A December 30, 2008 payment was the last made in 2008, a year in which the Debtor paid to Plaintiff Time Warner in excess of $175 million.  In similar fashion, the Debtor continued to make significant payments to its other creditors well into January 2009.  By way of example, the Debtor paid Plaintiff Curtis approximately $16 million in December 2008 and January 2009.  Significantly, the last payment made to Plaintiff Curtis on January 16, 2009 was made two days <u>after</u> the Debtor announced its

5

surcharge initiative in a published interview in the industry newsletter known as Single-Copy. The surcharge initiative was the catalyst for the Plaintiffs in this case to conspire to put the Debtor out of business according to the allegations in the antitrust case filed in New York. The payments by the Debtor to all of its non-insider vendors evidence a "business as usual" view by the Debtor. Common sense makes it obvious that were it the case otherwise, the Debtor would not have made such payments to the Plaintiffs in this case and instead hoarded the cash for its (or its insiders') benefit.

4.     Anderson Management admits that an executed bill of sale exists for the purchase by Brookvale of Twin Rivers from the Debtor for $1,000 in 2006. Any remaining allegations in Paragraph 4 of the Complaint are denied.

5.     Anderson Management denies the allegations in Paragraph 5 of the Complaint. Holston Asset Management, an entity related to both the Debtor and the Anderson Defendants, has loaned an aggregate of $11.5 million to the Debtor during the bankruptcy case with full court authority in order to fund the payment of the administrative expenses in this case. Additionally, on April 3, 2012, the Second Circuit reversed dismissal of the Debtor's antitrust action against the Plaintiffs that seeks to recover the full value of the Debtor's business with treble damages. The antitrust action represents the largest asset available to creditors and, when concluded, is anticipated to provide funds to pay the administrative costs of this bankruptcy case plus 100% to the allowed claims of creditors that are not defendants in the antitrust case, as are the Plaintiffs in this case, plus a recovery for the damages caused to the Debtor and thus to the owners of the Debtor.

6.     Anderson Management denies the allegations in Paragraph 6 of the Complaint. Moreover, Anderson Management denies that the Plaintiffs are entitled to any judgment in their

favor.

## JURISDICTION AND VENUE

7.      The allegations in Paragraph 7 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Anderson Management admits that the Complaint brings preference and fraudulent transfer claims and that 28 U.S.C. § 157(b)(2)(F) and (H) provides the bankruptcy court with core jurisdiction over such claims.   Anderson Management admits that venue in this district is proper under 28 U.S.C. § 1408.   Anderson Management admits that venue in the Bankruptcy Court may be proper under 28 U.S.C. § 1409 but that the facts of this adversary proceeding compel permissive withdrawal of the proceeding to the United States District Court for the District of Delaware. Anderson Management denies any remaining allegations in Paragraph 7 of the Complaint.

8.      The allegations in Paragraph 8 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Anderson Management admits that this is a core proceeding under 28 U.S.C. § 157(b)(2)(F) and (H).  Anderson Management denies that this is a core proceeding under any other statutory provision.

## PARTIES

9.      Anderson Management admits that the Plaintiffs have filed proofs of claims in the Debtor's bankruptcy case.  By way of supplemental response, Anderson Management states that the conduct alleged in the Debtor's antitrust complaint offsets and extinguishes any claims of Plaintiffs' in the Debtor's bankruptcy case.   Any remaining allegations in Paragraph 9 of the Complaint are denied.

10.      The November 10, 2011 order speaks for itself.  To the extent that the allegations in Paragraph 10 of the Complaint are inconsistent with the November 10, 2011 order, Anderson Management denies the allegations.

11.     Anderson Management admits the allegations in Paragraph 11 of the Complaint. By way of further response to describe the business of Anderson Management, it is a wholly owned subsidiary of Anderson Media formed on April 1, 2001.    In general Anderson Management provided the Debtor with business and management services to the various entities within the Anderson companies.    Anderson Management did not involve itself in the day-to-day operations of those entities.    Rather, it acted more like a "SWAT" team, providing a pool of business talent to help contracting Anderson companies with specialized and extraordinary business matters.    Pursuant to the "Management Services Agreement." dated April 1, 2003, the Debtor contracted with Anderson Management for the provision of executive management and associated administrative, clerical, support, and professional services reasonably necessary or appropriate in the conduct of the Debtor's business.    The scope of professional services rendered by Anderson Management to the Debtor included many areas.

Anderson Management's costs were principally personnel, professional fees and travel/aviation.    It was established as a cost center.    All of Anderson Management's costs were to be charged to and reimbursed by the affiliated entities that utilized its services.    Anderson Management was not a profit center although its service agreement provided a relatively small margin over its costs could be invoiced to the Debtor.

12.     The allegations in Paragraph 12 of the Complaint solely relate to defendant Anderson Media and, thus, do not require a response from Anderson Management.    To the extent a response is required, Anderson Management denies the allegations in Paragraph 12 of the Complaint.

13.     The allegations in Paragraph 13 of the Complaint solely relate to defendant Anderson News Southwest and, thus, do not require a response from Anderson Management. To

8

the extent a response is required, Anderson Management denies the allegations in Paragraph 13 of the Complaint.

14.    The allegations in Paragraph 14 of the Complaint solely relate to defendant Anderson Services and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 14 of the Complaint.

15.     The allegations in Paragraph 15 of the Complaint solely relate to defendants Brookvale and Anderson Media and, thus, do not require a response from Anderson Management. To the extent a response is required, Anderson Management denies the allegations in Paragraph 15 of the Complaint.

16.    The allegations in Paragraph 16 of the Complaint solely relate to defendants Display Services and Brookvale and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 16 of the Complaint.

17.    The allegations in Paragraph 17 of the Complaint solely relate to defendants FMC and Anderson Media and, thus, do not require a response from Anderson Management. To the extent a response is required, Anderson Management denies the allegations in Paragraph 17 of the Complaint.

18.    The allegations in Paragraph 18 of the Complaint solely relate to defendants MSolutions and Brookvale and, thus, do not require a response from Anderson Management. To the extent a response is required, Anderson Management denies the allegations in Paragraph 18 of the Complaint.

19.    The allegations in Paragraph 19 of the Complaint solely relate to defendant

Prologix Distribution Services East, LLC ("**Prologix East**") and Anderson Services and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations  in Paragraph 19 of the Complaint.

20.    The allegations in Paragraph 20 of the Complaint solely relate to defendants Twin Rivers and Brookvale and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 20 of the Complaint.

21.    The allegations in Paragraph 21 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Anderson Management admits that it is related to the Debtor but denies all other allegations in Paragraph 21 of the Complaint.

## PROCEDURAL BACKGROUND

### A.    Background Facts and Commencement of the Case

22.    Anderson Management admits that Anderson Media directly or indirectly owns certain companies including the other Anderson Defendants.  Anderson Management denies that Anderson Media controls the Anderson Defendants and/or a family of undefined companies (vaguely defined as the "Anderson Entities" above) and all other allegations in Paragraph 22 of the Complaint.   Each entity directly or indirectly owned by Anderson Media is governed by an independent board, managers, or members as addressed further in the Answer to Paragraph 23 of the Complaint below.  Further, the Debtor is now a debtor in bankruptcy after the filing of an involuntary petition and is subject to the Bankruptcy Code and the jurisdiction of the Bankruptcy Court.  Further, Anderson Services' assets are subject to an Assignment for the Benefit of its Creditors in Tennessee filed on May 15, 2009, and thus subject to the jurisdiction of the Tennessee court and the control of the Assignee for the Benefit of its Creditors, Lloyd T. Whitaker.

23.    Anderson Management admits that: (i) the Debtor is managed by the Management Committee; (ii) the sole members of the Management Committee have been Charles C. Anderson, Jr. and Joel Anderson; (iii) Charles C. Anderson, Jr. is President and CEO of Anderson Media, and Joel Anderson is Chairman of the Board; (iv) Charles C. Anderson, Jr. and Joel Anderson are the two managers of Defendant Brookvale; (v) Charles C. Anderson, Jr. and Joel Anderson are the two managers of Defendant MSolutions; (vi) Charles C. Anderson, Jr. is a manager of Prologix East; (vii) Charles C. Anderson, Jr. is the sole director, President, and CEO of Defendant Anderson Management and (viii) Joel Anderson is a manager of Defendant Anderson Services.   Anderson Management denies all other allegations in Paragraph 23 of the Complaint.  Further, Anderson Management states Anderson Services filed an Assignment for the Benefit of its Creditors in Tennessee on May 15, 2009, and is thus subject to the jurisdiction of the Tennessee court and the control of the Assignee for the Benefit of its Creditors, Lloyd T. Whitaker.

24.    Anderson Management admits that before February 2009, the Debtor was one of the largest wholesalers of books and magazines in the United States.  Anderson Management denies the remaining allegations in Paragraph 24 of the Complaint.

25.    Anderson Management admits that the Debtor proposed a seven-cent surcharge with respect to certain magazines that it distributed to pay for the costs imposed on it by the distribution requirements of the Plaintiffs in order to ensure that they would pay for the services they received.  Anderson Management admits that the Debtor publicly announced the seven-cent surcharge in January 2009.  Anderson Management denies any remaining allegations in Paragraph 25 of the Complaint.  By way of further response, in January, 2009, after years of working on a solution to address the flawed economics of the magazine distribution business

which required the Debtor, as a distributer, to purchase magazines it knew would not sell, and incur the cost for delivering and picking up the magazines from retailers, the Debtor took steps to supplement the gross profit earned on copies sold with a per-magazine charge on copies distributed.   A review of the Debtor's books and records confirms that the Debtor was generally paying its debts as and when they came due at that time.  The Debtor had always operated in the ordinary course of business and paid its obligations when and as due and expected to continue to do so.  It had also become very efficient and was at operating at break-even, and on the cusp of substantial profitability.

The response of the magazine publishers and national distributors to the Debtor's proposal ultimately was that, as the Debtor alleges in the antitrust complaint it filed, the publisher and distributor defendants (the Plaintiffs herein) conspired to simultaneously cut off the Debtor's supply of magazines and therefore killed the company and forced the Debtor into bankruptcy when an involuntary petition in bankruptcy was filed against it.

This is not the case of a debtor that lagged behind on payments for a long period and then limped into bankruptcy or a debtor with an inconsistent or spotty payment history.  This is a debtor that was thrown into bankruptcy after the Plaintiffs in this case collectively agreed to cease business with the debtor to have the leverage jointly to block the debtor's implementation of a price change.  Specifically, on February 7, 2009, days after Plaintiff Time Warner and other publishers' decision to no longer provide any titles to the Debtor, the Debtor temporarily furloughed its employees and suspended its operations.  The Debtor's ultimate and complete cessation of business was unanticipated and came as a surprise to all industry participants, most of all the Debtor.

26.    Except as expressly set forth herein, Anderson Management denies the allegations

in Paragraph 26 of the Complaint.  By way of further response, Anderson Management refers Plaintiffs to its response to Paragraph 25 of the Complaint.

27.    Anderson Management admits that four book publishers commenced an involuntary bankruptcy case on March 2, 2009 and that an order for relief was entered on December 30, 2009.  Anderson Management denies the remaining allegations in Paragraph 27 of the Complaint.  By way of further response, when the Debtor,  reached a compromise and settlement with the book seller creditors that had filed the involuntary petition in bankruptcy against the Debtor, as well as other similarly situated book sellers, and sought dismissal, it was the Plaintiffs in this case that opposed dismissal, alleging all sorts of misconduct against the Debtor.  None of that alleged misconduct forms the basis for the avoidance actions brought in the Complaint as those allegations were found to be without merit and Plaintiffs were denied standing to bring any claims other than the current avoidance actions.  The settlement included acquisition of the claims of the book seller creditors that had filed the involuntary petition in bankruptcy against it, as well as other similarly situated book sellers, and several months later, the further acquisition of claims from non-book seller creditors.  Of course, the Plaintiffs who damaged the Debtor were never made any offer to acquire their alleged claims.

**B.    The Trustee Motion and the Examiner's Report**

28.    Anderson Management admits the allegations in Paragraph 28 of the Complaint.

29.    The Examiner's Report speaks for itself.   To the extent the allegations in Paragraph 29 of the Complaint are inconsistent with the Examiner's Report, Anderson Management denies the allegations in Paragraph 29 of the Complaint.   Similarly, Anderson Management denies that any conclusion reached by the Examiner in the Examiner's Report establishes the liability of any Anderson Defendant or any other matter that the Plaintiffs must establish in this action.  Answering further, Anderson Management objects to the Plaintiffs' use

13

of the Examiner's Report.  The Examiner's Report is inadmissible hearsay pursuant to the Federal Rules of Evidence and, thus, the Plaintiffs' attempt to use the Examiner's Report for the truth of the matter asserted therein is barred.

30.     The Examiner's Report speaks for itself.  To the extent that the allegations in Paragraph 30 of the Complaint are inconsistent with the Examiner's Report, Anderson Management denies the allegations in Paragraph 30 of the Complaint.  Similarly, Anderson Management denies that any conclusion reached in the Examiner's Report establishes the liability of any Anderson Defendant or any other matter that the Plaintiffs must establish in this action.    Answering further, Anderson Management objects to the Plaintiffs' use of the Examiner's Report.  The Examiner's Report is inadmissible hearsay pursuant to the Federal Rules of Evidence and, thus, the Plaintiffs' attempt to use the Examiner's Report for the truth of the matter asserted therein is barred.

31.     The Examiner's Report speaks for itself.  To the extent that the allegations in Paragraph 31 of the Complaint are inconsistent with the Examiner's Report, Anderson Management denies the allegations in Paragraph 31 of the Complaint.  Moreover, Anderson Management denies all other allegations in Paragraph 31 of the Complaint.     Similarly, Anderson Management denies that any conclusion reached in the Examiner's Report establishes the liability of any Anderson Defendant or any other matter that the Plaintiffs must establish in this action.    Answering further, Anderson Management objects to the Plaintiffs' use of the Examiner's Report.  The Examiner's Report is inadmissible hearsay pursuant to the Federal Rules of Evidence and, thus, the Plaintiffs' attempt to use the Examiner's Report for the truth of the matter asserted therein is barred.

32.     The Examiner's Report speaks for itself.  To the extent that the allegations in

14

Paragraph 32 of the Complaint are inconsistent with the Examiner's Report, Anderson Management denies the allegations in Paragraph 32 of the Complaint. Similarly, Anderson Management denies that any conclusion reached in the Examiner's Report establishes the liability of any Anderson Defendant or any other matter that the Plaintiffs must establish in this action. Answering further, Anderson Management objects to the Plaintiffs' use of the Examiner's Report. The Examiner's Report is inadmissible hearsay pursuant to the Federal Rules of Evidence and, thus, the Plaintiffs' attempt to use the Examiner's Report for the truth of the matter asserted therein is barred.

33.     Anderson Management denies that the Debtor was or is insolvent. Further, the Examiner's Report speaks for itself. To the extent that the allegations in Paragraph 33 of the Complaint are inconsistent with the Examiner's Report, Anderson Management denies the allegations in Paragraph 33 of the Complaint. Similarly, Anderson Management denies that any conclusion reached in the Examiner's Report establishes the liability of any Anderson Defendant or any other matter that the Plaintiffs must establish in this action. Answering further, Anderson Management objects to the Plaintiffs' use of the Examiner's Report. The Examiner's Report is inadmissible hearsay pursuant to the Federal Rules of Evidence and, thus, the Plaintiffs' attempt to use the Examiner's Report for the truth of the matter asserted therein is barred.

34.     Anderson Management denies that the Debtor was or is insolvent during any relevant time period and thus denies that the fair market value of the Debtor's assets was less than the face value of its liabilities during any applicable time period. Further, the Examiner's Report speaks for itself. To the extent that the allegations in Paragraph 34 of the Complaint are inconsistent with the Examiner's Report, Anderson Management denies the allegations in Paragraph 34 of the Complaint. Anderson Management denies that any conclusion reached in

15

the Examiner's Report establishes the liability of any Anderson Defendant or any other matter that the Plaintiffs must establish in this action. Answering further, Anderson Management objects to the Plaintiffs' use of the Examiner's Report. The Examiner's Report is inadmissible hearsay pursuant to the Federal Rules of Evidence and, thus, the Plaintiffs' attempt to use the Examiner's Report for the truth of the matter asserted therein is barred.

35.     Anderson Management denies that any transfer to it is avoidable under the facts or applicable law. Further, the Examiner's Report speaks for itself. To the extent that the allegations in Paragraph 35 of the Complaint are inconsistent with the Examiner's Report, Anderson Management denies the allegations in Paragraph 35 of the Complaint. Similarly, Anderson Management denies that any conclusion reached in the Examiner's Report establishes the liability of any Anderson Defendant or any other matter that the Plaintiffs must establish in this action. Answering further, Anderson Management objects to the Plaintiffs' use of the Examiner's Report. The Examiner's Report is inadmissible hearsay pursuant to the Federal Rules of Evidence and, thus, the Plaintiffs' attempt to use the Examiner's Report for the truth of the matter asserted therein is barred. Moreover, Anderson Management denies that the Examiner examined all potential defenses to claims.

36.     Anderson Management denies that any transfer to it is avoidable under the facts or applicable law. The Examiner's Report speaks for itself. To the extent that the allegations in Paragraph 36 of the Complaint are inconsistent with the Examiner's Report, Anderson Management denies the allegations in Paragraph 36 of the Complaint. Similarly, Anderson Management denies that any conclusion reached in the Examiner's Report establishes the liability of any Anderson Defendant or any other matter that the Plaintiffs must establish in this action. Answering further, Anderson Management objects to the Plaintiffs' use of the

16

Examiner's Report.  The Examiner's Report is inadmissible hearsay pursuant to the Federal Rules of Evidence and, thus, the Plaintiffs' attempt to use the Examiner's Report for the truth of the matter asserted therein is barred.  Moreover, Anderson Management denies the allegations in Paragraph 36 of the Complaint with respect to intercompany transfers.  The Examiner did not conclude that the intercompany transfers included in Count XVI of the Complaint satisfied his Report Standard.  The Examiner stated "because of insufficient documentation, the Examiner does not reach herein a conclusion on the existence of a claim against any particular insider related to the intercompany postings." Examiner's Report, p. 12.

37.    Anderson Management denies that any transfer to it is avoidable under the facts or applicable law.  Further, the Examiner's Report speaks for itself.  To the extent that the Examiner's Report is inconsistent with the allegations in Paragraph 37 of the Complaint, Anderson Management denies the allegations in Paragraph 37 of the Complaint.  Similarly, Anderson Management denies that any conclusion reached in the Examiner's Report establishes the liability of any Anderson Defendant or any other matter that the Plaintiffs must establish in this action.  Answering further, Anderson Management objects to the Plaintiffs' use of the Examiner's Report.  The Examiner's Report is inadmissible hearsay pursuant to the Federal Rules of Evidence and, thus, the Plaintiffs' attempt to use the Examiner's Report for the truth of the matter asserted therein is barred.  Moreover, Anderson Management denies that the Plaintiffs are legally authorized to seek to recover amounts on behalf of the Debtor's estate in excess of that specifically identified by the Examiner under his Report Standard without further court authority and without leave of the court to amend the Complaint.  Anderson Management also denies that the Plaintiffs have the right or ability to "seek to recover, on behalf of the estate, all amounts supported by the evidence".  Pursuant to the order entered by the court authorizing

derivative standing, the Plaintiffs were granted standing to pursue a specific set of potential claims set forth in the Examiners' Report.

## CLAIMS FOR RELIEF

### COUNT I

**(As to FMC—Avoidance and Recovery of FMC Revolver Payments
as Preferences Under II U.S.C. §§ 544, 547 and 550 and Delaware UFTA)**

38.    Anderson Management incorporates the foregoing responses as if fully set forth herein in verbatim.

39.    The allegations in Paragraph 39 of the Complaint solely relate to defendants FMC and Anderson Media and, thus, do not require a response from Anderson Management. To the extent a response is required, Anderson Management denies the allegations in Paragraph 39 of the Complaint.

40.    The allegations in Paragraph 40 of the Complaint solely relate to defendants FMC and Anderson Media and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 40 of the Complaint.

41.    The allegations in Paragraph 41 of the Complaint solely relate to defendants FMC and Anderson Media and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 41 of the Complaint.

42.    The allegations in Paragraph 42 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management. To the extent a response is required, Anderson Management denies the allegations in Paragraph 42 of the Complaint.

18

43.    The allegations in Paragraph 43 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management. To the extent a response is required, Anderson Management denies the allegations in Paragraph 43 of the Complaint.

44.    The allegations in Paragraph 44 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management. To the extent a response is required, Anderson Management denies the allegations in Paragraph 44 of the Complaint.

45.    The allegations in Paragraph 45 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 45 of the Complaint.

46.    The allegations in Paragraph 46 of the Complaint solely relate to defendant FMC and, thus, do not require a response Anderson Management. To the extent a response is required, Anderson Management denies the allegations in Paragraph 46 of the Complaint.

47.    The allegations in Paragraph 47 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 47 of the Complaint.

48.    The allegations in Paragraph 48 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management. To the extent a response is required, Anderson Management denies the allegations in Paragraph 48 of the Complaint.

49.    The allegations in Paragraph 49 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management. To the extent a response is required, Anderson Management denies the allegations in Paragraph 49 of the Complaint.

50.    The allegations in Paragraph 50 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management. To the extent a response is

required, Anderson Management denies the allegations in Paragraph 50 of the Complaint.

  51. The allegations in Paragraph 51 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 51 of the Complaint.

  52. The allegations in Paragraph 52 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 52 of the Complaint.

  53. The allegations in Paragraph 53 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management. To the extent a response is required, Anderson Management denies the allegations in Paragraph 53 of the Complaint.

  54. The allegations in Paragraph 54 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management. To the extent a response is required, Anderson Management denies the allegations in Paragraph 54 of the Complaint.

  55. The allegations in Paragraph 55 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management. To the extent a response is required, Anderson Management denies the allegations in Paragraph 55 of the Complaint.

  56. The allegations in Paragraph 56 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 56 of the Complaint.

  57. The allegations in Paragraph 57 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management. To the extent a response is required, Anderson Management denies the allegations in Paragraph 57 of the Complaint.

**COUNT II**

**(As to FMC—Avoidance and Recovery of FMC Factoring Payments
as Preferences Under II U.S.C. §§ 544, 547 and 550 and Delaware UFTA)**

58.    Anderson Management incorporates the foregoing responses as if fully set forth herein in verbatim.

59.    The allegations in Paragraph 59 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 59 of the Complaint.

60.    The allegations in Paragraph 60 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 60 of the Complaint.

61.    The allegations in Paragraph 61 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 61 of the Complaint.

62.    The allegations in Paragraph 62 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 62 of the Complaint.

63.    The allegations in Paragraph 63 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 63 of the Complaint.

64.    The allegations in Paragraph 64 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 64 of the Complaint.

65.    The allegations in Paragraph 65 of the Complaint solely relate to defendant FMC

and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 65 of the Complaint.

66.     The allegations in Paragraph 66 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 66 of the Complaint.

67.     The allegations in Paragraph 67 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 67 of the Complaint.

68.     The allegations in Paragraph 68 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 68 of the Complaint.

69.     The allegations in Paragraph 69 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 69 of the Complaint.

70.     The allegations in Paragraph 70 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 70 of the Complaint.

71.     The allegations in Paragraph 71 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 71 of the Complaint.

72.     The allegations in Paragraph 72 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 72 of the Complaint.

PHIL1 2200069-1

## COUNT III

### (As to FMC—Recovery of Excessive Interest Paid Under FMC Revolver as Constructive Fraudulent Transfer Under 11 U.S.C. §§ 544, 548, and 550 and Delaware UFTA)

73.    Anderson Management incorporates the foregoing responses as if fully set forth herein in verbatim.

74.    The allegations in Paragraph 74 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 74 of the Complaint.

75.    The allegations in Paragraph 75 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 75 of the Complaint.

76.    The allegations in Paragraph 76 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 76 of the Complaint.

77.    The allegations in Paragraph 77 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 77 of the Complaint.

78.    The allegations in Paragraph 78 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 78 of the Complaint.

79.    The allegations in Paragraph 79 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 79 of the Complaint.

80.    The allegations in Paragraph 80 of the Complaint solely relate to defendant FMC

and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 80 of the Complaint.

81.     The allegations in Paragraph 81 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 81 of the Complaint.

82.     The allegations in Paragraph 82 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 82 of the Complaint.

83.     The allegations in Paragraph 83 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 83 of the Complaint.

84.     The allegations in Paragraph 84 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 84 of the Complaint.

85.     The allegations in Paragraph 85 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 85 of the Complaint.

86.     The allegations in Paragraph 86 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 86 of the Complaint.

## COUNT IV

**(As to FMC—Recovery of Excessive Interest Paid in FMC Factoring Transactions as Constructive Fraudulent Transfer Under 11 U.S.C. §§ 548 and 550 and Delaware UFTA)**

87.     Anderson Management incorporates the foregoing responses as if fully set forth

herein in verbatim.

88.    The allegations in Paragraph 88 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 88 of the Complaint.

89.    The allegations in Paragraph 89 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 89 of the Complaint.

90.    The allegations in Paragraph 90 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 90 of the Complaint.

91.    The allegations in Paragraph 91 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 91 of the Complaint.

92.    The allegations in Paragraph 92 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 92 of the Complaint.

93.    The allegations in Paragraph 93 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 93 of the Complaint.

94.    The allegations in Paragraph 94 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 94 of the Complaint.

95.    The allegations in Paragraph 95 of the Complaint solely relate to defendant FMC

and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 95 of the Complaint.

96.     The allegations in Paragraph 96 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 96 of the Complaint.

97.     The allegations in Paragraph 97 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 97 of the Complaint.

98.     The allegations in Paragraph 98 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 98 of the Complaint.

99.     The allegations in Paragraph 99 of the Complaint solely relate to defendant FMC and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 99 of the Complaint.

## COUNT V

**(As to Anderson Management—Recovery of Excessive Contract Payments as Constructive Fraudulent Transfers under 11 U.S.C. §§ 544, 548 and 550 and Delaware UFTA)**

100.    Anderson Management incorporates the foregoing responses as if fully set forth herein in verbatim.

101.    Anderson Management admits the allegations in Paragraph 101 of the Complaint.

102.    The "Management Services Agreement" speaks for itself.  To the extent the allegations in Paragraph 102 of the Complaint are inconsistent with the Management Services Agreement, Anderson Management denies those allegations.

103.    Anderson Management admits that it invoiced the Debtor for the monthly fee and other amounts related to the reasonable out of pocket costs and other expenses incurred by Anderson Management.  Anderson Management denies the implication that the Management Services Agreement restricted Anderson Management to a $20,000 monthly fee.  Anderson Management denies all remaining allegations  in Paragraph 103 of the Complaint.

104.    The allegations in Paragraph 104 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 104 of the Complaint.  By way of further response, if the airplane was used by the Debtor's employees such as its President Frank Stockard for the Debtor's business, its costs were billed to the Debtor.

105.    Anderson Management admits that it received $9,227,000 in payments over the four year period prior to the Debtor's petition date in relation to the Management Services Agreement.  Anderson Management denies any remaining allegations  in Paragraph 105 of the Complaint.

106.    Anderson Management denies the allegations in Paragraph 106 of the Complaint. By way of supplemental response, Anderson Management states that it incurred costs not less than the amount billed to the Debtor and under the Management Services Agreement was entitled to reimbursement.

107.    Anderson Management admits that it received approximately $50,000 from the Debtor for flight charges and approximately $21,000 from the Debtor for savings plan deductions during the four year period prior to the Debtor's petition date.    Anderson Management denies the remaining allegations in Paragraph 107 of the Complaint.

108.    The allegations in Paragraph 108 of the Complaint are legal conclusions to which

no response is required.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 108 of the Complaint and denies that the Debtor was or is insolvent.

109.    The allegations in Paragraph 109 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 109 of the Complaint.

110.    The allegations in Paragraph 110 are legal conclusions to which no response is required.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 110 of the Complaint.

111.    The allegations in Paragraph 111 are legal conclusions to which no response is required.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 111 of the Complaint.

112.    The allegations in Paragraph 112 are legal conclusions to which no response is required.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 112 of the Complaint.

## COUNT VI

**(As to MSolutions, LLC—Avoidance and Recovery of Unsupported Payments as Constructive Fraudulent Transfers under 11 U.S.C. §§ 544, 548 and 550 and Delaware UFTA)**

113.    Anderson Management incorporates the foregoing responses as if fully set forth herein in verbatim.

114.    The allegations in Paragraph 114 of the Complaint solely relate to defendants MSolutions and Brookvale and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations  in Paragraph 114 of the Complaint.

115.    The allegations in Paragraph 115 of the Complaint solely relate to defendant

28

MSolutions and, thus, do not require a response from Anderson Management. To the extent a response is required, Anderson Management denies the allegations in Paragraph 115 of the Complaint.

116.    The allegations in Paragraph 116 of the Complaint solely relate to defendant MSolutions and, thus, do not require a response from Anderson Management. To the extent a response is required, Anderson Management denies the allegations in Paragraph 116 of the Complaint.

117.    The allegations in Paragraph 117 of the Complaint solely relate to defendant MSolutions and, thus, do not require a response from Anderson Management. To the extent a response is required, Anderson Management denies the allegations in Paragraph 117 of the Complaint.

118.    The allegations in Paragraph 118 of the Complaint solely relate to defendant MSolutions and, thus, do not require a response from Anderson Management. To the extent a response is required, Anderson Management denies the allegations in Paragraph 118 of the Complaint.

119.    The allegations in Paragraph 119 of the Complaint solely relate to defendant MSolutions and, thus, do not require a response from Anderson Management. To the extent a response is required, Anderson Management denies the allegations in Paragraph 119 of the Complaint.

120.    The allegations in Paragraph 120 of the Complaint solely relate to defendant MSolutions and, thus, do not require a response from Anderson Management. To the extent a response is required, Anderson Management denies the allegations in Paragraph 120 of the Complaint.

PHIL1 2200069-1

121.    The allegations in Paragraph 121 of the Complaint solely relate to defendant MSolutions and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 121 of the Complaint.

## COUNT VII

### (As to Anderson Services—Avoidance and Recovery of Unsupported Payments as Constructive Fraudulent Transfers under 11 U.S.C. §§ 544, 548 and 550 and Delaware UFTA)

122.    Anderson Management incorporates the foregoing responses as if fully set forth herein in verbatim.

123.    The allegations in Paragraph 123 of the Complaint solely relate to defendant Anderson Services and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 123 of the Complaint.

124.    The allegations in Paragraph 124 of the Complaint solely relate to defendant Anderson Services and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 124 of the Complaint.

125.    The allegations in Paragraph 125 of the Complaint solely relate to defendant Anderson Services and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 125 of the Complaint.

126.    The allegations in Paragraph 126 of the Complaint solely relate to defendant Anderson Services and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 126 of

the Complaint.

127.    The allegations in Paragraph 127 of the Complaint solely relate to defendant Anderson Services and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 127 of the Complaint.

128.    The allegations in Paragraph 128 of the Complaint solely relate to defendant Anderson Services and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 128 of the Complaint.

129.    The allegations in Paragraph 129 of the Complaint solely relate to defendant Anderson Services and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 129 of the Complaint.

130.    The allegations in Paragraph 130 of the Complaint solely relate to defendant Anderson Services and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 130 of the Complaint.

## COUNT VIII

### (As to Anderson Services—Avoidance and Recovery of Preferences Under 11 U.S.C. §§ 544, 547 and 550 and Delaware UFTA)

131.    Anderson Management incorporates the foregoing responses as if fully set forth herein in verbatim.

132.    The allegations in Paragraph 132 of the Complaint solely relate to defendant Anderson Services and, thus, do not require a response from Anderson Management.  To the

31

extent a response is required, Anderson Management denies the allegations in Paragraph 132 of the Complaint.

133.    The allegations in Paragraph 133 of the Complaint solely relate to defendant Anderson Services and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 133 of the Complaint.

134.    The allegations in Paragraph 134 of the Complaint solely relate to defendant Anderson Services and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 134 of the Complaint.

135.    The allegations in Paragraph 135 of the Complaint solely relate to defendant Anderson Services and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 135 of the Complaint.

136.    The allegations in Paragraph 136 of the Complaint solely relate to defendant Anderson Services and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 136 of the Complaint.

137.    The allegations in Paragraph 137 of the Complaint solely relate to defendant Anderson Services and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 137 of the Complaint.

138.    The allegations in Paragraph 138 of the Complaint solely relate to defendant

Anderson Services and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 138 of the Complaint.

139.    The allegations in Paragraph 139 of the Complaint solely relate to defendant Anderson Services and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 139 of the Complaint.

## COUNT IX

### (As to Brookvale--Avoidance and Recovery of Unsupported Payments as Constructive Fraudulent Transfers under II U.S.C. §§ 544, 548 and 550 and Delaware UFTA)

140.    Anderson Management incorporates the foregoing responses as if fully set forth herein in verbatim.

141.    The allegations in Paragraph 141 of the Complaint solely relate to defendants Brookvale and Anderson Media and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 141 of the Complaint.

142.    The allegations in Paragraph 142 of the Complaint solely relate to defendant Brookvale and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 142 of the Complaint.

143.    The allegations in Paragraph 143 of the Complaint solely relate to defendant Brookvale and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 143 of the Complaint.

144.    The allegations in Paragraph 144 of the Complaint solely relate to defendant Brookvale and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 144 of the Complaint.

145.    The allegations in Paragraph 145 of the Complaint solely relate to defendant Brookvale and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 145 of the Complaint.

146.    The allegations in Paragraph 146 of the Complaint solely relate to defendant Brookvale and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 146 of the Complaint.

147.    The allegations in Paragraph 147 of the Complaint solely relate to defendant Brookvale and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 147 of the Complaint.

148.    The allegations in Paragraph 148 of the Complaint solely relate to defendant Brookvale and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 148 of the Complaint.

## COUNT X

**(As to Brookvale—Avoidance and Recovery of Twin Rivers Membership Interests Sale as Constructive Fraudulent Transfer Under Bankruptcy Code § 544 and 550 and Delaware UFTA)**

149.    Anderson Management incorporates the foregoing responses as if fully set forth

34

herein in verbatim.

150.    The allegations in Paragraph 150 of the Complaint solely relate to defendants Brookvale and Twin Rivers and, thus, do not require a response from Anderson Management. To the extent a response is required, Anderson Management denies the allegations in Paragraph 150 of the Complaint.

151.    The allegations in Paragraph 151 of the Complaint solely relate to defendants Brookvale and Twin Rivers and, thus, do not require a response from Anderson Management. To the extent a response is required, Anderson Management denies the allegations in Paragraph 151 of the Complaint.

152.    The allegations in Paragraph 152 of the Complaint solely relate to defendants Brookvale and Twin Rivers and, thus, do not require a response from Anderson Management. To the extent a response is required, Anderson Management denies the allegations in Paragraph 152 of the Complaint.

153.    The allegations in Paragraph 153 of the Complaint solely relate to defendants Brookvale and Twin Rivers and, thus, do not require a response from Anderson Management. To the extent a response is required, Anderson Management denies the allegations in Paragraph 153 of the Complaint.

154.    The allegations in Paragraph 154 of the Complaint solely relate to defendants Brookvale and Twin Rivers and, thus, do not require a response from Anderson Management. To the extent a response is required, Anderson Management denies the allegations in Paragraph 154 of the Complaint.

155.    The allegations in Paragraph 155 of the Complaint solely relate to defendants Brookvale and Twin Rivers and, thus, do not require a response from Anderson Management.

To the extent a response is required, Anderson Management denies the allegations in Paragraph 155 of the Complaint.

156.    The allegations in Paragraph 156 of the Complaint solely relate to defendants Brookvale and Twin Rivers and, thus, do not require a response from Anderson Management. To the extent required, Anderson Management denies the allegations in Paragraph 156 of the Complaint.

157.    The allegations in Paragraph 157 of the Complaint solely relate to defendants Brookvale and Twin Rivers and, thus, do not require a response from Anderson Management. To the extent a response is required, Anderson Management denies the allegations in Paragraph 157 of the Complaint.

## COUNT XI

### (As to Twin Rivers—Avoidance and Recovery of Unsupported Payments as Constructive Fraudulent Transfers under 11 U.S.C. §§ 544, 548 and 550 and Delaware UFTA)

158.    Anderson Management incorporates the foregoing responses as if fully set forth herein in verbatim.

159.    The allegations in Paragraph 159 of the Complaint solely relate to defendant Twin Rivers and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 159 of the Complaint.

160.    The allegations in Paragraph 160 of the Complaint solely relate to defendant Twin Rivers and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 160 of the Complaint.

161.    The allegations in Paragraph 161 of the Complaint solely relate to defendant Twin

36

Rivers and, thus, do not require a response from Anderson Management. To the extent a response is required, Anderson Management denies the allegations in Paragraph 161 of the Complaint.

162.    The allegations in Paragraph 162 of the Complaint solely relate to defendant Twin Rivers and, thus, do not require a response from Anderson Management. To the extent a response is required, Anderson Management denies the allegations in Paragraph 162 of the Complaint.

163.    The allegations in Paragraph 163 of the Complaint solely relate to defendant Twin Rivers and, thus, do not require a response from Anderson Management. To the extent a response is required, Anderson Management denies the allegations in Paragraph 163 of the Complaint.

164.    The allegations in Paragraph 164 of the Complaint solely relate to defendant Twin Rivers and, thus, do not require a response from Anderson Management. To the extent a response is required, Anderson Management denies the allegations in Paragraph 164 of the Complaint.

165.    The allegations in Paragraph 165 of the Complaint solely relate to defendant Twin Rivers and, thus, do not require a response from Anderson Management. To the extent a response is required, Anderson Management denies the allegations in Paragraph 165 of the Complaint.

## COUNT XII

**(As to Anderson Media—Avoidance and Recovery of NOI Payments
as Constructive Fraudulent Transfers Under 11 U.S.C. §§ 544, 548 and 550
and Delaware UFTA)**

166.    Anderson Management incorporates the foregoing responses as if fully set forth

herein in verbatim.

167.    The allegations in Paragraph 167 of the Complaint solely relate to defendant Anderson Media and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 167 of the Complaint.

168.    The allegations in Paragraph 168 of the Complaint solely relate to defendant Anderson Media and, thus, do not require a response from Anderson Management. To the extent a response is required, Anderson Management denies the allegations in Paragraph 168 of the Complaint.

169.    The allegations in Paragraph 169 of the Complaint solely relate to defendant Anderson Media and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 169 of the Complaint.

170.    The allegations in Paragraph 170 of the Complaint solely relate to defendant Anderson Media and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 170 of the Complaint.

171.    The allegations in Paragraph 171 of the Complaint solely relate to defendant Anderson Media and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 171 of the Complaint.

172.    The allegations in Paragraph 172 of the Complaint solely relate to defendant Anderson Media and, thus, do not require a response from Anderson Management.  To the extent

a response is required, Anderson Management denies the allegations in Paragraph 172 of the Complaint.

173.    The allegations in Paragraph 173 of the Complaint solely relate to defendant Anderson Media and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 173 of the Complaint.

174.    The allegations in Paragraph 174 of the Complaint solely relate to defendant Anderson Media and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 174 of the Complaint.

175.    The allegations in Paragraph 175 of the Complaint solely relate to defendant Anderson Media and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 175 of the Complaint.

## COUNT XIII

**(As to Anderson News Southwest—Avoidance and Recovery
of Preferences Under 11 U.S.C. §§ 544, 547 and 550 and Delaware UFTA)**

176.    Anderson Management incorporates the foregoing responses as if fully set forth herein in verbatim.

177.    The allegations in Paragraph 177 of the Complaint solely relate to defendant Anderson News Southwest and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 177 of the Complaint.

178.    The allegations in Paragraph 178 of the Complaint solely relate to defendant

39

Anderson News Southwest and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 178 of the Complaint.

179.    The allegations in Paragraph 179 of the Complaint solely relate to defendant Anderson News Southwest and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 179 of the Complaint.

180.    The allegations in Paragraph 180 of the Complaint solely relate to defendant Anderson News Southwest and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 180 of the Complaint.

181.    The allegations in Paragraph 181 of the Complaint solely relate to defendant Anderson News Southwest and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 181 of the Complaint.

182.    The allegations in Paragraph 182 of the Complaint solely relate to defendant Anderson News Southwest and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 182 of the Complaint.

183.    The allegations in Paragraph 183 of the Complaint solely relate to defendant Anderson News Southwest and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 183 of the Complaint.

184.    The allegations in Paragraph 184 of the Complaint solely relate to defendant Anderson News Southwest and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 184 of the Complaint.

185.    The allegations in Paragraph 185 of the Complaint solely relate to defendant Anderson News Southwest and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 185 of the Complaint.

186.     The allegations in Paragraph 186 of the Complaint solely relate to defendant Anderson News Southwest and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 186 of the Complaint.

187.    The allegations in Paragraph 187 of the Complaint solely relate to defendant Anderson News Southwest and, thus, do not require a response from Anderson Management To the extent a response is required, Anderson Management denies the allegations in Paragraph 187 of the Complaint.

## COUNT XIV

### (As to Prologix East—Avoidance and Recovery of Preferences Under 11 U.S.C. §§ 544, 547 and 550 and UFTA)

188.    Anderson Management incorporates the foregoing responses as if fully set forth herein in verbatim.

189.    The allegations in Paragraph 189 of the Complaint are denied.  Anderson Services owns no interest in Prologix East having sold it to a third party in February, 2009.  In addition, the allegations in Paragraph 189 of the Complaint solely relate to defendant Prologix East and,

thus, do not require a response from Anderson Management.

190.    The allegations in Paragraph 190 of the Complaint solely relate to defendant Prologix East and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 190 of the Complaint.

191.    The allegations in Paragraph 191 of the Complaint solely relate to defendant Prologix East and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 191 of the Complaint.

192.    The allegations in Paragraph 192 of the Complaint solely relate to defendant Prologix East and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 192 of the Complaint.

193.    The allegations in Paragraph 193 of the Complaint solely relate to defendant Prologix East and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 193 of the Complaint.

194.    The allegations in Paragraph 194 of the Complaint solely relate to defendant Prologix East and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 194 of the Complaint.

195.    The allegations in Paragraph 195 of the Complaint solely relate to defendant

Prologix East and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 195 of the Complaint.

196.    The allegations in Paragraph 196 of the Complaint solely relate to defendant Prologix East and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 196 of the Complaint.

197.    The allegations in Paragraph 197 of the Complaint solely relate to defendant Prologix East and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 197 of the Complaint.

198.    The allegations in Paragraph 198 of the Complaint solely relate to defendant Prologix East and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 198 of the Complaint.

## COUNT XV

### (As to Display Services—Avoidance and Recovery of Display A/P Payments as Preferences Under 11 U.S.C. §§ 544, 547 and 550 and UFTA)

199.    Anderson Management incorporates the foregoing responses as if fully set forth herein in verbatim.

200.    The allegations in Paragraph 200 of the Complaint solely relate to defendants Display Services and Brookvale and, thus, do not require a response Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 200 of the Complaint.

43

201.    The allegations in Paragraph 201 of the Complaint solely relate to defendant Display Services and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 201 of the Complaint.

202.    The allegations in Paragraph 202 of the Complaint solely relate to defendant Display Services and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 202 of the Complaint.

203.    The allegations in Paragraph 203 of the Complaint solely relate to defendant Display Services and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 203 of the Complaint.

204.    The allegations in Paragraph 204 of the Complaint solely relate to defendant Display Services and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 204 of the Complaint.

205.    The allegations in Paragraph 205 of the Complaint solely relate to defendant Display Services and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 205 of the Complaint.

206.    The allegations in Paragraph 206 of the Complaint solely relate to defendant Display Services and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 206 of the

Complaint.

207.    The allegations in Paragraph 207 of the Complaint solely relate to defendant Display Services and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 207 of the Complaint.

208.    The allegations in Paragraph 208 of the Complaint solely relate to defendant Display Services and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 208 of the Complaint.

209.    The allegations in Paragraph 209 of the Complaint solely relate to defendant Display Services and, thus, do not require a response from Anderson Management.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 209 of the Complaint.

## COUNT XVI

**(As to All Defendants—Avoidance and Recovery of Unsupported Intercompany Transfers as Constructive Fraudulent Transfers Under 11 U.S.C. § 544, 548 and 550 and Delaware UFTA)**

210.    Anderson Management incorporates the foregoing responses as if fully set forth herein in verbatim.

211.    Anderson Management admits that intercompany transfers occurred in the ordinary course between the Debtor and its non-debtor related entities.  The Debtor's general ledger speaks for itself.  To the extent the allegations in Paragraph 211 are inconsistent with the Debtor's general ledger, Anderson Management denies the allegations.

212.    The Examiner's Report speaks for itself.  To the extent the allegations in Paragraph 212 of the Complaint are inconsistent with the Examiner's Report, Anderson

PHIL1 2200069-1

Management denies the allegations.    Similarly, Anderson Management denies that any conclusion reached by the Examiner in the Examiner's Report establishes the liability of any Anderson Defendant or any other matter that the Plaintiffs must establish in this action.    The findings and conclusions in the Examiner's Report are inadmissible hearsay pursuant to the Federal Rules of Evidence, and, thus, the Plaintiffs' attempt to use the Examiner's Report for the truth of the matter asserted therein is barred.

213.    The Examiner's Report speaks for itself.    To the extent the allegations in Paragraph 213 of the Complaint are inconsistent with the Examiner's Report, Anderson Management denies the allegations. Similarly, Anderson Management denies that any conclusion reached by the Examiner in the Examiner's Report establishes the liability of any Anderson Defendant or any other matter that the Plaintiffs must establish in this action.  The findings and conclusions in the Examiner's Report are inadmissible hearsay pursuant to the Federal Rules of Evidence, thus, the Plaintiffs' attempt to use the Examiner's Report for the truth of the matter asserted therein is barred.

214.    The Examiner's Report speaks for itself.    To the extent the allegations in Paragraph 214 of the Complaint are inconsistent with the Examiner's Report, Anderson Management denies the allegations.    Similarly, Anderson Management denies that any conclusion reached by the Examiner in the Examiner's Report establishes the liability of any Anderson Defendant or any other matter that the Plaintiffs must establish in this action.    The findings and conclusions in the Examiner's Report are inadmissible hearsay pursuant to the Federal Rules of Evidence, thus, the Plaintiffs' attempt to use the Examiner's Report for the truth of the matter asserted therein is barred.

215.    Anderson Management admits that the Debtor made certain intercompany

transfers.  Anderson Management also admits that Exhibit G to the Complaint describes certain "buckets".  The Examiner's Report speaks for itself.  To the extent the allegations in Paragraph 215 of the Complaint are inconsistent with the Examiner's Report, Anderson Management denies the allegations.  Similarly, Anderson Management denies that any conclusion reached by the Examiner in the Examiner's Report establishes the liability of any Anderson Defendant or any other matter that the Plaintiffs must establish in this action.  The findings and conclusions in the Examiner's Report are inadmissible hearsay pursuant to the Federal Rules of Evidence, thus, the Plaintiffs' attempt to use the Examiner's Report for the truth of the matter asserted therein is barred.

216.    The allegations in Paragraph 216 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 216 of the Complaint.  Similarly, Anderson Management denies that any conclusion reached by the Examiner in the Examiner's Report establishes the liability of any Anderson Defendant or any other matter that the Plaintiffs must establish in this action.  The findings and conclusions in the Examiner's Report are inadmissible hearsay pursuant to the Federal Rules of Evidence, thus, the Plaintiffs' attempt to use the Examiner's Report for the truth of the matter asserted therein is barred.

217.    The allegations in Paragraph 217 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 217 of the Complaint and specifically denies the Debtor was or is insolvent.

218.    The allegations in Paragraph 218 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Anderson Management denies the

allegations in Paragraph 218 of the Complaint.

219.    The allegations in Paragraph 219 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 219 of the Complaint.

220.    The allegations in Paragraph 220 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 220 of the Complaint.

221.    The allegations in Paragraph 221 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Anderson Management denies the allegations in Paragraph 221 of the Complaint.

222.    All other allegations contained in the Complaint, including those contained in unnumbered paragraphs, to the extent they have not been specifically admitted, are denied.

## FIRST AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied in whole or part because the transfers referenced in the Complaint made to or for the benefit of Anderson Management, if any, were not made when the Debtor was insolvent and did not render the Debtor insolvent.

## SECOND AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied in whole or in part because reasonably equivalent value was provided for the transfers referenced in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied in whole or in part because no creditor existed at the time of the transfers referenced in the Complaint to provide the Plaintiffs

48

with standing under 11 U.S.C. § 544.

## FOURTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied in whole or part because the transfers made to or for the benefit of Anderson Management, if any, were for value, in good faith, and without knowledge of the voidability of the transfer.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiffs are barred under 11 U.S.C. § 546 from avoiding any transfers not specifically identified in the original Complaint filed in this adversary proceeding.

## SIXTH AFFIRMATIVE DEFENSE

The relief sought in the Complaint should be denied because the Plaintiffs' damages, if any, were caused by the acts or omissions of third parties, including the Plaintiffs, over which Anderson Management had no control.

## SEVENTH AFFIRMATIVE DEFENSE

The relief sought in the Complaint should be denied because the Plaintiffs failed to mitigate their losses and damages, if any, and, to the extent there were any loses or damages, were the proximate cause of such.

## EIGHTH AFFIRMATIVE DEFENSE

The relief sought in the Complaint should be denied because the Plaintiffs' damages, if any, were caused by their own acts or omissions.

## NINTH AFFIRMATIVE DEFENSE

Anderson Management reserves the right to assert additional defenses if any become known through the course of discovery.

PHIL1 2200069-1

Respectfully submitted this 19th day of June, 2012.

KLEHR HARRISON HARVEY
BRANZBURG LLP

*/s/ Domenic E. Pacitti*
Domenic E. Pacitti (DE Bar No. 3989)
919 Market Street, Suite 1000
Wilmington, DE 19801
Telephone: (302) 426-1189
Facsimile: (302) 426-9193
dpacitti@klehr.com

Morton R. Branzburg
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Telephone: (215) 568-6060
Facsimile: (215) 568-6603
mbranzburg@klehr.com

and

ALSTON & BIRD LLP
Grant T. Stein
David A. Wender
1201 West Peachtree Street
Atlanta, Georgia, 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

*Counsel to the Anderson Defendants*