**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE:<br><br>ANDERSON NEWS, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 09-10695 (CSS) |
| AMERICAN MEDIA, INC., BAUER MAGAZINE L.P., BAUER PUBLISHING COMPANY, L.P., HEINRICH BAUER NORTH AMERICA, INC., HEINRICH BAUER PUBLISHING, L.P., CURTIS CIRCULATION COMPANY, LLC, KABLE DISTRIBUTION SERVICES, INC., and TIME WARNER RETAIL SALES & MARKETING, INC., on behalf of ANDERSON NEWS, LLC, DEBTOR and DEBTOR IN POSSESSION,<br><br>Plaintiffs,<br><br>vs.<br><br>ANDERSON MANAGEMENT SERVICES, INC., ANDERSON MEDIA CORPORATION, ANDERSON NEWS COMPANY SOUTHWEST, LLC, ANDERSON SERVICES, LLC, BROOKVALE HOLDINGS LLC, DISPLAY SERVICES, INC., FIRST MEDIA CAPITAL CORPORATION, MSOLUTIONS, LLC, PROLOGIX DISTRIBUTION SERVICES EAST, LLC and TWIN RIVERS TECHNOLOGY GROUP, LLC,<br><br>Defendants. | Adv. Proc. No. 11-53811 (CSS)<br><br>**RELIEF IS REQUESTED FROM A UNITED STATES DISTRICT COURT JUDGE** |

**OBJECTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9033(b) TO THE JULY 8, 2015 ORDER (D.I. 265) DENYING THE MOTION FOR SUMMARY JUDGMENT ON COUNT XVI**

Anderson Media Corporation (“**Anderson Media**”), Anderson News Company Southwest, LLC (“**Anderson News Southwest**”), Anderson Services, LLC (“**Anderson**

**Services**”), Brookvale Holdings, LLC (“**Brookvale**”), and First Media Capital Corporation (“**FMC**,” and collectively with Anderson Media, Anderson News Southwest, Anderson Services, and Brookvale, the “**Rule 9033 Objectors**”) hereby file this objection (“**Rule 9033 Objection**”) to the July 8, 2015 Order (D.I. 265) granting in part and denying in part the June 18, 2015 Motion to Alter and Amend (D.I. 255, 256), and denying the Rule 7056 Movant’s motion for summary judgment (the “**Rule 7056 Motion**”) on Count XVI of the complaint (the “**Complaint**”) filed by the Plaintiffs in the above-captioned adversary proceeding (the “**Adversary Proceeding**”). The Rule 9033 Objection is filed pursuant to Rule 9033 of the Federal Rules of Bankruptcy Procedure (the “**Bankruptcy Rules**”) and other applicable law.

## I. RULE 9033(b) OBJECTION

The relief sought by the instant objection is limited. In the July 8, 2015 Order the Bankruptcy Court determined that “this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).” Nominally, this is correct because the fraudulent conveyance claims asserted in Count XVI are “core” under 28 U.S.C. § 157(b)(2)(H). However, legally it is not correct under the Supreme Court’s binding decisions in *Executive Benefits Insurance Agency v. Arkison*, 134 S. Ct. 2165 (2014) and *Stern v. Marshall*, 131 S. Ct. 2594 (2011) because the Rule 9033 Objectors FMC, Anderson Media, Anderson Services, and Anderson News Southwest did not file proofs of claim in the Anderson News bankruptcy case (the “**Bankruptcy Case**”) and have not consented, either explicitly or implicitly, to the exercise of judicial power or the entry of final orders by the Bankruptcy Court.[1] As set forth in detail below, the Rule 9033 Objectors have consistently been explicit in not consenting to the Bankruptcy Court’s exercise of judicial power or the entry of final orders. Therefore, the Bankruptcy Court may only issue proposed findings of fact and

[1] The Rule 9033 Objectors were the sole movants on both the June 18, 2015 Motion to Alter and Amend (D.I. 255, 256) and on the Rule 7056 Motion.

conclusions of law on *Stern* matters like those involving the Rule 9033 Objectors. The portion of the July 8, 2015 Order stating that "this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)" either needs to be deleted in its entirety, or modified to indicate that "this is a non-core proceeding pursuant to *Executive Benefits Insurance Agency v. Arkison*, 134 S. Ct. 2165 (2014) notwithstanding the fraudulent conveyance and other avoidance claims raised herein being nominally core under 28 U.S.C. § 157(b)(2)." Additionally, applicable law requires that the July 8, 2015 Order be recast as "Proposed Findings of Fact and Conclusions of Law."[2]

Bankruptcy Rule 9033(b) provides that the Rule 9033 Objectors are to present "written objections which identify the specific proposed findings or conclusions objected to and state the grounds for such objection." Rule 9033 Objections are to be filed within fourteen days of being served with a copy of the court's proposed findings of fact and conclusions of law. *See* FED. R. BANKR. P. 9033(b). As explained above, the Rule 9033 Objectors' objection to the July 8, 2015 Order is very limited. The Rule 9033 Objectors are not prosecuting an objection to the denial of the Rule 7056 Motion.[3] Thus, the technical legal issue being presented is limited, but is nonetheless significant in this case in the context of the law after the Supreme Court's

---

[2] The need to recast orders, such as the July 8, 2015 Order, as Proposed Findings of Fact and Conclusions of Law was recognized by Chief Bankruptcy Judge Shannon in *Gavin v. Tousignant (In re Ultimate Escapes Holdings, LLC)*, 2015 WL 1586644 (Bankr. D. Del. Feb. 5, 2015) when the Court withdrew an order and reissued it as Proposed Findings of Fact and Conclusions of Law.

[3] Although the Rule 9033 Objectors believe that the entry of Summary Judgment in their favor was required under binding Third Circuit precedent, the Rule 9033 Objectors are not requesting the District Court's review of the Bankruptcy Court's ultimate ruling because the Bankruptcy Court's ruling eliminated all claims relating to certain credits originally included in Count XVI of the Complaint totaling $167,587,000. (D.I. 259, June 11, 2015 Hearing Transcript, at 43, lines 4-5, 45, lines 1-10). The Bankruptcy Court's statements also provided a mechanism for the Plaintiffs to finally identify the remaining unidentified claims contained in Count XVI, VI, VII, and XI which the Plaintiffs had not done and which was the subject of separate motions to compel. *See* D.I. 208, 209, 210, 211, 2213, 215, 218, 219, 220, 221, 231, 232, 233, 234.

determination in *Wellness International Network, Ltd. v. Sharif*, 135 S. Ct. 1932 (2015) completing the trilogy of very significant decision along with *Stern* and *Arkison*.

Throughout the Adversary Proceeding, the Rule 9033 Objectors have been consistent and express that they do not consent to the Bankruptcy Court's exercise of judicial power or the entry of final orders. *See the Motion to Withdraw the Reference* (D.I. 17)*; Motion to Stay Adversary Proceeding* (D.I. 18); *Motion to Determine Core and Non-Core Status of Claims* (D.I. 19); *Motion to Dismiss* (D.I. 20); Scheduling Orders (D.I. 57, 167, 183, 188, 199), *Motions to Vacate* (D.I. 66, 123); Rule 9033 Objections (D.I. 67, 124 ); (Answers of Anderson Media, Anderson News Southwest, Anderson Services, Brookvale, and FMC (D.I. 70, 71, 72, 73, 77); and Motion for Summary Judgment on Count XVI and related submissions (D.I. 195, 204, 224). Thus, *Arkison* applies fully.

## II. STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS, AND STATEMENT OF FACTS

The above-styled Adversary Proceeding involves a Complaint that seeks to avoid certain transfers under the Bankruptcy Laws and Delaware's Uniform Fraudulent Transfer Act, Del. Code Ann. tit. 6, § 1301 *et. seq.* The Complaint was filed by certain creditors after the Bankruptcy Court granted derivative standing to these creditors to pursue potential avoidance claims specifically identified in the Report of Don A. Beskrone, Esquire (the "**Examiner's Report**"), the Examiner for the Bankruptcy Estate of Anderson News, LLC (the "**Debtor**"), and "denied standing with prejudice to those claims the Examiner found to be meritless in the Examiner's Report." Discovery proceeded and a deadline was set for the Plaintiffs to identify certain transfers in Count XVI. Specifically, the Interim Scheduling Order (D.I. 188) provided, *inter alia*, that:

1. The Plaintiffs shall identify, to the extent possible, the transfers

> addressed in Count XVI of the Complaint in this case by date, amount, and transferee (the "Count XVI Information") on or before December 1, 2014 ***and shall be barred from pursuing in this case any transfers not so identified***. After notice and a hearing, the bar of any such claim from being pursued may be set aside for good cause shown upon timely motion by the Plaintiffs.
>
> 2. All other deadlines in the Second Amended Scheduling Order are extended for a period of 120 days plus such additional time as may elapse between September 30, 2014 and the date that the Count XVI Information is provided to the defendants in this case.
>
> 3. The parties shall submit a revised Scheduling Order with revised dates after the Count XVI Information is received by the defendants.

(emphasis added).[4]

After receipt of a response from the Plaintiffs on December 1, 2014 that was supposed to contain the Count XVI Information, the Rule 9033 Objectors filed the Rule 7056 Motion (D.I. 195, 196, 200, 201, 202, 204, 205, 207, 224, 225, 228, 229, 230) in reliance on *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) and *Executive Benefits Insurance Agency v. Arkison*, 134 S. Ct. 2165 (2014), and asked that a recommendation be made to the District Court to enter summary judgment on Count XVI. Specifically, the first page of the Motion for Summary Judgment on Count XVI states the following:

> As contemplated by the United States Supreme Court's decisions in *Stern v. Marshall*, [131 S. Ct. 2594] (2011) and *Executive Benefits Insurance Agency v. Arkison*, 134 S. Ct. 2165 (2014), the Bankruptcy Court may issue proposed findings of fact and conclusions of law on the instant motion for summary judgment with final relief being required to be issued by a United States District Court Judge. In brief, Count XVI is deemed non-core under *Arkison* and only the District Court may enter a final order because the [Rule 9033 Objectors] have not consented to entry of final orders by the Bankruptcy Court and have not filed proofs of claims in the Debtor's bankruptcy case.

The Conclusion in the Brief in Support stated that:

---

4 As addressed in footnote 2 above, the Bankruptcy Court noted at the June 11, 2015 hearing that the Plaintiffs were *barred from pursuing* certain of the Count XVI claims as to which they had not identified the transferee, date, or amount. The Plaintiffs had conceded this point in their Response to the Rule 7056 Motion at pages 8-9. D.I. 200, pp. 12-13.

> The [Rule 9033 Objectors] are entitled to have the Bankruptcy Court issue proposed findings of fact and conclusions of law recommending that the District Court grant summary judgment on Count XVI, and that the District Court then issue a final order granting the [Rule 9033 Objectors] summary judgment on Count XVI.

Each answer filed by a Rule 9033 Objector stated, as contemplated by Bankruptcy Rule 7012(b), that "[Defendant] does not consent to entry of final orders or judgment by the bankruptcy judge." *See* Answers of Anderson Media, Anderson News Southwest, Anderson Services, Brookvale, and FMC (D.I. 70, 71, 72, 73, 77). *See also the Motion to Withdraw the Reference* (D.I. 17)*; Motion to Stay Adversary Proceeding* (D.I. 18); *Motion to Determine Core and None-Core Status of Claims* (D.I. 19); *Motion to Dismiss* (D.I. 20); Scheduling Orders (D.I. 57, 167, 183, 188, 199), *Motions to Vacate* (D.I. 66, 123); Rule 9033 Objections (D.I. 67, 124 ); and Motion for Summary Judgment on Count XVI and related submission (D.I. 195, 204, 224).

After briefing and oral argument on June 11, 2015, the Bankruptcy Court issued an order denying the Rule 7056 Motion (D.I. 251). On June 18, 2015, the Rule 9033 Objectors moved to alter and amend to request changes to the June 11, 2015 Order (D.I. 255, 256) (the "**Motion to Alter and Amend**").

Additionally, on June 18, 2015, the Rule 9033 Objectors moved to (i) extend the time period to object to the June 11, 2015 Order for 21 days as contemplated by Rule 9033(c) and (ii) to shorten the time that the Plaintiffs had to respond to the Motion to Alter and Amend.[5]

The Motion to Alter and Amend was granted in part and denied in part by the July 8, 2015 Order.[6] The instant Rule 9033 Objection is being filed to substantively ensure that the

[5] The Plaintiffs consented to the relief. Accordingly, the Bankruptcy Court entered an order granting the relief that afternoon (the "**June 18, 2015 Order**"). D.I. 260.

[6] In granting the Motion to Alter and Amend, in part, the Bankruptcy Court deleted the provision in the June 11, 2015 Order that "the Court has judicial power to enter a final order."

relief sought herein, a recognition that the claims asserted against the Rule 9033 Objectors are non-core under *Arkison* and that the Bankruptcy Court can only enter proposed findings of fact and conclusions of law, is presented and fully preserved.[7]

## III. THE BANKRUPTCY COURT CAN ONLY ISSUE PROPOSED FINDINGS AND CONCLUSIONS HERE

The Supreme Court's decision in *Wellness* confirms that "knowing and voluntary consent" is required for the exercise of judicial power by a bankruptcy court judge in a case such at this case where (i) the claims asserted are *Stern* claims, (ii) the Rule 9033 Objectors have not consented to the entry of orders by the Bankruptcy Court, and (iii) the Rule 9033 Objectors have not filed proofs of claim. The Bankruptcy Court and the Plaintiffs have acknowledged that the Rule 9033 Objectors have not consented, either expressly or implicitly through waiver, to the Bankruptcy Court's final adjudication of the claims at issue in this Adversary Proceeding.

The Bankruptcy Court cannot adjudicate claims as to any of the Rule 9033 Objectors. Thus, the Bankruptcy Court lacks judicial authority to act in respect of the claims as to Rule 9033 Objectors FMC, Anderson Media, Anderson Services, and Anderson News Southwest, defendants that did not file proofs of claim in Anderson News' Bankruptcy Case. This same result also applies to Brookvale because the claims against it are outside the scope of its proof of

---

The Bankruptcy Court's denial, in part, and continued inclusion of a finding that "this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)" is the subject of this Rule 9033 Objection.

[7] Bankruptcy Rule 9033(b) contemplates a record being submitted with a Rule 9033(b) Objection, and notes that there is to be a transcription of "such portions of it as all parties may agree upon or the bankruptcy judge deems sufficient, unless the district judge otherwise directs." The record for purposes of the instant Rule 9033(b) Objection includes all of the items identified herein, the transcript of the status conference on June 22, 2015 (D.I. 263), and the Plaintiffs Response to the Motion to Alter and Amend (D.I. 262). The Rule 9033 Objectors will consult with the Plaintiffs after the Plaintiffs file their response, if any, to the Rule 9033(b) Objection, to determine what portion of the record to send to the District Court, or whether reference to items on the docket is sufficient. Rule 9033(b) also contemplates possible input by the Bankruptcy Judge.

claim, and because no objection has been filed to its proof of claim.

Two other bankruptcy courts in this District have recognized that a bankruptcy court lacks the judicial power to enter a final order on matters such as those at issue in the Rule 7056 Motion when the parties involved have not consented to the bankruptcy court's jurisdiction. *See, e.g., SNMP Research Int'l, Inc. v. Nortel Networks Inc. (In re Nortel Networks Inc.)*, Adv. No. 11-53454, 2015 WL 3506697 (Bankr. D. Del. June 2, 2015); *Gavin v. Tousignant (In re Ultimate Escapes Holdings, LLC)*, Adv. No. 12-50849, 2015 WL 1586644 (Bankr. D. Del. Feb. 5, 2015).[8]

In *Nortel Networks*, based on a record of written objections to the entry of final orders by the bankruptcy court, the Honorable Kevin Gross concluded that a party had not consented to the Bankruptcy Court's authority to issue final orders on the claims at issue in that adversary proceeding. 2015 WL 3506697. The court recognized that the party "could not be clearer in the Complaints that SNMP 'does not consent to entry of final orders by the Bankruptcy Judge in this proceeding as to causes of action against Avaya.'" *Id.* at *3. The Rule 9033 Objectors have been equally clear in this case that the Rule 9033 Objectors have not consented to the Bankruptcy Court's exercise of judicial power or the entry of final orders. In *Ultimate Escapes Holdings, LLC,* the Honorable Brendan L. Shannon vacated an order entering final judgment on a matter and recast the opinion as proposed findings of facts and conclusions of law. 2015 WL 1586644.

The statutory authority for the Bankruptcy Court to enter proposed findings of fact and conclusions of law is found in 28 U.S.C. § 157(c)(1), which states:

---

8 *See also Gavin v. Tousignant (In re Ultimate Escapes Holdings, LLC)*, Adv. No. 12-50849, Docket Entries 219 (letter from the Court to Counsel indicating the Bankruptcy Judge's intent "to vacate the Opinion and Judgment, and re-issue [it] as proposed findings of fact and conclusions of law under Rule 9033") and 221 (the reissued proposed findings of fact and conclusions of law under Bankruptcy Rule 9033) (Bankr. D. Del. 2015).

> A bankruptcy judge may hear a proceeding that is ***not a core proceeding*** but that is otherwise related to a case under title 11. In ***such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court***, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

*Id.* (emphasis added).

Section 157(b) of the United States Code, which proscribes a bankruptcy court's authority to address "core" claims does not authorize a bankruptcy court to enter proposed findings of fact and conclusions of law on core matters over which it lacks judicial authority. 11 U.S.C. § 157(b)(1). *Arkison* held that *Stern* claims like those in this case would be deemed to be non-core for purposes of the statutory authorization.

The Amended Order of Reference in this district is subject to *Stern, Arkison, and Wellness*. It states as follows:

> If a bankruptcy judge or district judge determines the entry of a final order or judgment by a bankruptcy judge would not be consistent with Article III of the United States Constitution in a particular proceeding referred under this order and determined to be a core matter, the bankruptcy judge shall, unless otherwise ordered by the district court, hear the proceeding and submit proposed findings of fact and conclusions of law to the district court. The district court may treat any order of the bankruptcy court as proposed findings of fact and conclusions of law in the event the district court concludes that the bankruptcy judge could not have entered a final order or judgment consistent with Article III of the United States Constitution.

## IV. CONCLUSION

The Rule 9033 Objectors request that the portion of the July 8, 2015 Order stating that "this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)" be deleted in its entirety, or modified to indicate that "this is a non-core proceeding pursuant to *Executive Benefits Insurance Agency v. Arkison*, 134 S. Ct. 2165 (2014) notwithstanding the fraudulent conveyance and other avoidance claims raised herein being nominally core

under 28 U.S.C. § 157(b)(2)." Additionally, applicable law requires that the July 8, 2015 Order be recast as "Proposed Findings of Fact and Conclusions of Law."

Dated: July 15, 2015
Wilmington, Delaware

Respectfully submitted,

*/s/ Domenic E. Pacitti*

**KLEHR HARRISON HARVEY BRANZBURG LLP**
Domenic E. Pacitti (DE Bar No. 3989)
919 Market Street, Suite 1000
Wilmington, Delaware 19801-3062
Telephone: (302) 552-5511
Facsimile: (302) 426-9193

Morton R. Branzburg
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
Telephone: (215) 568-6060
Facsimile: (215) 568-6603

– and –

ALSTON & BIRD LLP
Grant T. Stein
David A. Wender
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

*Counsel to Anderson Media Corporation, Anderson News Company Southwest, LLC, Anderson Services, LLC, Brookvale Holdings, LLC, and First Media Capital Corporation*