# EXHIBIT A

February 3, 2015

**VIA U.S. MAIL AND E-MAIL**

Grant T. Stein, Esq.
David A. Wender, Esq.
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309

Domenic E. Pacitti, Esq.
Klehr Harrison Harvey Branzburg LLP
919 Market Street, Suite 1000
Wilmington, DE 19801

Re:   *American Media, Inc., et al. v. Anderson Management Services, Inc., et al.,*
      *Adv. No. 11-53811 (CSS)*

Gentlemen:

      This letter sets forth matters for the parties to meet and confer upon regarding the responses of Defendants Anderson Management Services, Inc., Anderson Media Corporation, Anderson News Company Southwest, LLC, Anderson Services, LLC, Brookvale Holdings LLC, Display Services, Inc., First Media Capital Corporation, MSolutions, LLC, and Twin Rivers Technology Group, LLC (the "Anderson Defendants") to the discovery from Plaintiffs served upon the Anderson Defendants in the above-referenced case.

      As we can discuss in greater detail at a telephonic meet and confer, the Anderson Defendants' responses to Plaintiffs' discovery are deficient in at least the respects set forth below. To the extent the Anderson Defendants have legal or other authority they believe supports their objections over the comments below, please identify it at or before the meet and confer.

Responses To First Set Of Interrogatories To the Anderson Defendants

1.     General Objections 1, 7. The Anderson Defendants assert a blanket objection based upon work product doctrine, attorney client privilege, and related privileges. To the extent the objection is intended to apply to identification or production of any documents, please produce a privilege log, in accordance with FRCP 26(b)(5), identifying all documents subject to this objection. To the extent the privilege log is fully identical to the one referenced in General Objection 7, a copy of that privilege log (or identification by Bates Number) is sufficient, but to the extent additional or different information is required in accordance with FRCP 26(b)(5) as to the discovery requests and time frame in the present case, such additional and/or different information must be provided.

2.     General Objection 3. The fact that information may be contained in documents that have been or will be produced is not a ground for refusing to include or identify such information in

Grant T. Stein, Esq.
David A. Wender, Esq.
Domenic E. Pacitti, Esq.
February 3, 2015
Page 2 of 9

responses to Interrogatories. This objection should be withdrawn, and the requested information supplied or, where and to the extent appropriate, identified in full conformity with FRCP 33(d). *See, e.g., Harry M. v. Pennsylvania Dept. of Public Welfare*, 2011 WL 53047, *1 (M.D.Pa., Jan. 07, 2011) ("As the text of Rule 33(d) makes clear, when responding to an interrogatory by referring to a business record, the responding party must "specify[ ] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed.R.Civ.P. 33(d)(1). This rule has been interpreted to require parties to guide the interrogating party to responsive documents by providing sufficient detail to enable the interrogating party to locate the documents. *See In re Tutu Wells Contamination Litig.*, 162 F.R.D. 46, 68 (D.Vi.1995) (holding that "dumping several volumes of unspecified raw data on opposing counsel" does not satisfy Rule 33(d)); *see also Graske v. Auto-Owners Ins. Co.*, 647 F.Supp.2d 1105, 1108 (D.Neb.2009); *O'Connor v. Boeing N. Am., Inc.*, 185 F.R.D. 272, 278 (C.D.Cal.1999); Fed.R.Civ.P. 33 advisory committee's notes to 1980 amendment (noting that "directing the interrogating party to a mass of business records or by offering to make all of their records available ... [is] an abuse of" Rule 33(d)); 7 *Moore's Federal Practice*, § 33.105[3] (Matthew Bender 3d ed.)."); *Johnson v. Kraft Foods North America, Inc.*, 236 F.R.D. 535, 545 (D.Kan. 2006) ("Plaintiff has failed to identify responsive documents with the requisite degree of specificity called for by Rule 33(d). The easiest way for Plaintiff to comply with identification requirement is for Plaintiff to identify by bates number which documents are responsive to each of the referenced interrogatories. To that end, Plaintiff will be ordered to serve amended discovery responses to those Interrogatories 7, 16, and 19 and will be further ordered to identify by bates stamp number which documents are responsive to which interrogatories.").

3.     General Objection 4. The discovery is not directed to discovery "about the Examination" itself, or "from the Examiner." Accordingly this objection is misplaced and should be withdrawn. If the Anderson Defendants are withholding information about the Examination that they believe must be preceded by a request to the Bankruptcy Court, please identify the nature of that information so that we can determine whether there is any potential merit to the objection.

4.     General Objection 5. This objection should be withdrawn, and any information withheld pursuant to it should be produced. There is no valid basis for a party to object to providing information in its own possession, custody, or control on the ground that allegedly similar (or even identical) information has been requested from a non-party.

5.     General Objection 8. If Defendants are withholding any information on the ground that the discovery is "outside of the derivative standing authority that the Bankruptcy Court conferred upon Derivative Plaintiffs," please identify the discovery the Anderson Defendants contend is outside such authority, the nature of any documents and/or information (if any) withheld subjection to this objection, and any factual and/or legal support for the contention that Plaintiffs are not entitled to such discovery.

Grant T. Stein, Esq.
David A. Wender, Esq.
Domenic E. Pacitti, Esq.
February 3, 2015
Page 3 of 9

6.  General Objection 10. If the Anderson Defendants are withholding any "Electronically stored information that the Anderson Defendants determine not to be reasonably accessible because of undue burden or cost," please identify the specific grounds for the determination that such information is not reasonably accessible because of undue burden or cost.

7.  General Objection 12. This objection should be withdrawn. The existing First Set Of Interrogatories contained 12 Interrogatories; the Anderson Defendants are not entitled to artificially count subparts to reach a purported number greater than 25. Any information withheld pursuant to this objection must be produced. In addition, because of the amount of information in this case, Plaintiffs believe (as they have previously stated) that the parties should agree to more than 25 Interrogatories per side in this matter. This will be a topic for discussion at our meet and confer, and if a mutually agreeable resolution is not reached, Plaintiffs will seek an appropriate order from the Court. But that does not change the fact that the existing First Set Of Interrogatories contains only 12 Interrogatories, and that any objection as to subparts exceeding 25 Interrogatories is meritless.

8.  Response to Interrogatories Nos. 1-12: (a) This response states (among other things): "in accordance with Federal Rule 33(d), made applicable to this Adversary Proceeding by Bankruptcy Rule 7033, the Anderson Defendants identify the business records contained in the Prior Productions." Rule 33(d) applies only when "the burden of deriving or ascertaining the answer will be substantially the same for either party," which is not the case here. In addition, even when Rule 33 does apply, a response invoking Rule 33(d) must "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could," which the Anderson Defendants have not done. (See item 2 above, and law cited therein.) A response not invoking the inapplicable Rule 33 must be provided, or showing that it does apply and providing the information it requires, must be provided. (b) This response also states (among other things) that: "Derivative Plaintiffs were granted limited derivative standing to pursue the transfers contained in the Complaint and thus information regarding any other transfers is irrelevant and not reasonably calculated to lead to admissible evidence." Please answer the Interrogatory as asked, and for any transfers or other covered matters as to which the Anderson Defendants do not respond, specifically the language they contend establishes that Plaintiffs are not entitled to such discovery (keeping in mind that the scope of discovery is broader than the scope of relevance, and the Complaint covers transfers beyond those expressly listed). Please also identify any legal authority supporting the Anderson Defendants' position. See also item 5 (as to General Objection 8), above.

9.  Response to Interrogatories Nos. 5-12. (a) The Anderson Defendants state that they will not respond to these Interrogatories because they exceed the 25-Interrogatory limit. See item 7, as to General Objection 12, above. These objections should be withdrawn, and appropriate responses provided. (b) The Anderson Defendants state that documentation "with respect to solvency … is anticipated to include, among other things, "certain matters and certain expert

Grant T. Stein, Esq.
David A. Wender, Esq.
Domenic E. Pacitti, Esq.
February 3, 2015
Page 4 of 9

reports "including but not limited to" certain expert reports dated April 16, 2014. Such unidentified "other things" must be identified, along with all responsive information, including but not limited to any facts that may form the basis of any unidentified expert report. It is insufficient for the Anderson Defendants to state, as they do, that "Plaintiffs have such documents, or will obtain such documents, in the Antitrust Action." Even if that turns out to be true, Plaintiffs are entitled to that information now, in this case, and to the extent it has already been produced somewhere in the Antitrust Case, the Anderson Defendants must identify the responsive information by Bates number.

10.     Response to Interrogatories Nos. 6-7. The Anderson Defendants object to each of these Interrogatories "to the extent it seeks any information or documents that would disclose or circumvent the limitations on discovery about the thought process and work of the Examiner." But these Interrogatories seek identifications of documents that the Anderson Defendants did not have, and not anything about "the thought process and work of the Examiner." As the Anderson Defendants themselves recognize, there was already a "production in connection with the Examiner's investigation in the Debtor's bankruptcy case" (Responses at 2.) There is no reason, including nothing in any order, to exclude from discovery information about once-existing documents that would have been produced to the Examiner if they had been located and/or not privileged, but for some reason were not produced.


Responses And Objections To Second Set Of Interrogatories To FMC

11.     General Objections, as above. The same issues set forth in items 1-7 above apply similarly as to FMC's General Objections.

12.     General Objection 7. If there is any information FMC believes is subject to this objection (cumulative, redundant, duplicative, or more readily obtained elsewhere), please identify the nature of that information and the reason it is purportedly not discoverable from FMC, so that Plaintiffs may consider the merit or lack thereof of the objection and the utility of moving to compel.

13.     Responses to Interrogatories Nos. 13-36. See discussion as to item 8(a), above (misapplication of FRCP 33(d)), which applies similarly here.

14.     Responses to Interrogatories Nos. 13-25. See discussion as to item 9(a), above (improper counting of purported subparts), which applies similarly here.

15.     Responses to Interrogatories Nos. 26-36. See discussion as to item 9(b), above (information to be produced in the future), which applies similarly here.

Grant T. Stein, Esq.
David A. Wender, Esq.
Domenic E. Pacitti, Esq.
February 3, 2015
Page 5 of 9

Responses And Objections To First Set Of Requests For Production To Anderson Defendants

16. <u>General Objections, as above</u>. The same issues set forth in items 1-7 above apply similarly as to the Anderson Defendants' General Objections.

17. <u>Responses to Requests Nos. 1-5, 12.</u> See discussion as to item 8(b), above (derivative standing authority), which applies similarly here.

18. <u>Responses to Requests Nos. 5-6.</u> These Requests do not seek documents for which advance permission needed to be sought under any order of the Court. Do any unproduced documents exist that are responsive to these Requests? If so, they should be produced.

19. <u>Responses to Requests Nos. 7-10.</u> These responses include language to the effect that the Requests are based upon speculation, and that the applicable rules "do not require FMC to engage in such speculation." FMC has misconstrued the Requests. The Requests identify a statement, and ask for all documents containing information that supports the statement. The origin or the statement, or whether it might be deemed speculative, is not at issue. The Requests do not call for production of documents forming the author's actual basis for the statement. Any documents containing information supporting the identified statements must be produced. To the extent no responsive documents exist, that information should be provided.

20. <u>Responses to Requests Nos. 15, 17-28.</u> It is insufficient for the Anderson Defendants to state, as they do, that "Plaintiffs have such documents, or will obtain such documents, in the Antitrust Action." Even if that turns out to be true, Plaintiffs are entitled to that information now, in this case, and to the extent it has already been produced somewhere in the Antitrust Case, the Anderson Defendants must identify the responsive information by Bates number. (See similarly, item 9(b), above.)

21. <u>Response to Request No. 13</u>. This Request asks for documents, if any, that support an assertion made by the Anderson Defendants. It therefore should not require any clarification. If any unproduced, responsive documents are subject to the objections asserted, please identify the nature of such documents, and what type of clarification or other information the Anderson Defendants believe they need in order to withdraw the objections.

22. <u>Responses to Requests Nos. 14-16.</u> The Anderson Defendants have objected, in part, on the ground that the Request "requires the Anderson Defendants to assume a legal conclusion." That is incorrect. The Request seeks documents, if any, that support an assertion made by the Anderson Defendants. If such documents exist, they must be produced. Be advised that the Anderson Defendants may be prohibited from using any unproduced responsive documents, or information therein, as evidence in this case in support of their contentions.

Grant T. Stein, Esq.
David A. Wender, Esq.
Domenic E. Pacitti, Esq.
February 3, 2015
Page 6 of 9

Responses And Objections To Second Set Of Requests For Production To Anderson Defendants (Third Set as to FMC)

23.  General Objections, as above. See discussion as to items 1-7, above, which apply similarly here.

Responses And Objections To Second Set Of Requests For Production To FMC

24.  General Objections, as above. See discussion as to items 1-7 and 12, above, which apply similarly here.

25.  Response to Requests Nos. 35-37, 41, 42, 45, 48, 53. These are asserted to assume one or more legal conclusions. In that regard, please identify the legal conclusions purportedly assumed, and any legal authority supporting the argument that a request for production is objectionable on the ground of assuming a legal conclusion. In addition, the responses to these Requests include the language: "Absent clarification or revision by Derivative Plaintiffs...." In that regard, please identify the clarification or revision FMC believes is necessary in order to provide a fuller response.

26.  Responses to Requests Nos. 36, 37, 42, 51. See discussion as to item 20, above (reliance on future production), which applies similarly here.

27.  Responses to Requests Nos. 43, 45, 46, 47. These responses state that "The produced documents speak for themselves." It is unclear whether that is an objection, or whether any information was withheld based in whole or in part on such assertions. In either event, the assertions should be withdrawn. There is no basis for withholding documents or information on the ground that a document "speaks for itself." (See citations in item 29, below.) In addition, the Requests are not "based on speculation." If documents exist that relate to the indicated propositions, they must be produced. If FMC believes there is a basis for excluding any documents or statements as admissible evidence, it may object as to admissibility at the appropriate time, but these Requests are not "based on speculation," and in any event that is not a proper basis for withholding discovery.

28.  Responses to Requests Nos. 52, 54-57. See discussion as to item 19, above (alleged speculation), which applies similarly here.

Grant T. Stein, Esq.
David A. Wender, Esq.
Domenic E. Pacitti, Esq.
February 3, 2015
Page 7 of 9

Responses And Objections To First Set Of Requests For Admissions To FMC

29.     General Objection 3. FMC objects to the Requests "to the extent they call for FMC's interpretation of documents." If any information was withheld based, in whole or in part, upon this objection, please identify the nature of that information, and to which Requests such information was withheld, so that Plaintiffs can determine whether to file a motion to compel. FMC's objection, including that "The documents in the Prior Productions speak for themselves," is not a valid ground for withholding information. *See, e.g., Solis v. La Familia Corp.*, 2012 WL 1906508, *3n.40 (D.Kan., May 25, 2012) ("But even if the Government had objected on grounds that the documents speak for themselves, the courts have likewise held that such objections are improper under Rule 36. *See Frontier–Kemper Constructors, Inc. v. Elk Run Coal Co., Inc.*, 246 F.R.D. 522, 530 (S.D.W.Va.2007) (finding that objection, that "'[t]he referenced document speaks for itself,' is textbook 'folklore' and is not in compliance with Rule 36"); *Miller v. Holzmann*, 240 F.R.D. 1, 4 (D.D.C.2006) (finding that "objection that a document speaks for itself ... has no support whatsoever in the law of evidence" and finding that such objection to a request for production defeats the purpose of Rule 36); *Sigmund v. Starwood Urban Retail VI, LLC*, 236 F.R.D. 43, 46 (D.D.C.2006) (recognizing that objection that document speaks for itself is not proper).") Plaintiffs are entitled to know FMC's positions as to documents.

30.     Responses to Requests Nos. 1-272, 281-83, 288, 290, 291. FMC objects to these Requests in part on the ground that they purportedly required FMC to "assume a legal conclusion" or contained a legal conclusion themselves. That is incorrect. As to each of these Requests for which FMC does not withdraw this objection or limitation, please identify the "legal conclusion" FMC believes the Request requires them to assume (or that the Request purportedly contains), so that Plaintiffs can meaningfully demonstrate why the purported legal conclusion is not inappropriately implicated. In this regard, please keep in mind that Requests For Admissions may properly require admissions relating to "facts, the application of law to fact, or opinions about either." (FRCP 36(a)(1)(A).)

31.     Responses to Requests Nos. 7, 8, 15, 16, 23, 24, 3, 32, 39, 40, 47, 48, 55, 56, 63, 64, 71, 72, 79, 80, 87, 88, 95, 96, 103, 104, 111, 112, 119, 120, 127, 128, 135, 136, 143, 144, 151, 152, 159, 160, 167, 168, 175, 176, 183, 184, 191, 192, 199, 200, 207, 208, 215, 216, 223, 224, 231, 232, 239, 240, 247, 248, 255, 256, 263, 264, 271-75, 293-96. No prohibition exists as to asking questions about persons or entities other than the responding party. Accordingly, FMC's objections that these Requests are "question[s] about" another entity has no merit. The objections should be withdrawn, and any information withheld because of such objections should be produced.

\* \* \*

Grant T. Stein, Esq.
David A. Wender, Esq.
Domenic E. Pacitti, Esq.
February 3, 2015
Page 8 of 9

      In addition to resolving the foregoing responses and objections, there are numerous documents missing from the "Prior Productions" that either should be there or that should be produced in response to Plaintiffs' requests because they are not in the Prior Productions (as far as Plaintiffs can tell, though if they do exist in the Prior Productions, identification by Bates Number would be sufficient). To date, we have determined that these include at least:

      (1) The documents listed on Exhibit A hereto, for which there has been some evidence that the document should exist and have been produced, but where it does not appear to be present in the Prior Productions. Many of these are native files and would include, for example, a Microsoft Excel file for which there is a "placeholder" PDF sheet with a Bates number naming and identifying the Excel file, but for which the Excel file does not seem to be present.

      (2) The documents on Exhibit B hereto, which generally reflect ranges of missing Bates numbers.

      (3) The following:

      (a) Complete General Ledger information for all Defendants for all years from fiscal year 2005 through 2009. To the extent possible, we request that this information be produced in the same format (preferably as Microsoft Excel files) as the General Ledger files produced for Anderson News (e.g., ANEWS0051925 - ANEWS0051929);

      (b) Monthly bank account statements for all Defendants and, to the extent not already produced, for Anderson News, for each month in 2005 through 2009, for any and all bank accounts open for any portion of the relevant period, in the same format as the monthly statements produced for Anderson News account number 0007000002001 (e.g., ANEWS00120629);

      (c) All credit and/or loan agreements, and all amendments and other updates related to those agreements, between Anderson News and all Defendants. This request would include, but is not limited to, all amendments and updates to the following agreements (and any related agreements, named therein or otherwise): (1) Declining Revolving Credit Agreement between Anderson News and Anderson News Southwest dated September 4, 1998 (ANEWS0168605); (2) Intercompany Note between Anderson News and Anderson News Southwest dated December 29, 1998 (ANEWS0169424); (3) Secured Revolving Credit Note between Anderson News and Anderson News Southwest dated September 4, 1998 (ANEWS0168647);

      (d) All exhibits to the Agreement between Anderson News, LLC and Twin Rivers Technology Group, LLC, dated March 6, 2006 (ANEWS0030291 - ANEWS0030308), and any

Grant T. Stein, Esq.
David A. Wender, Esq.
Domenic E. Pacitti, Esq.
February 3, 2015
Page 9 of 9

subsequent agreements governing the Fees and Expenses that Twin Rivers charged to Anderson News.

(e) All appendices of the Distribution Services Agreement entered into as of March 29, 2002 between Anderson News and Anderson Services (see ANEWS0030165).

(f) Unredacted and final versions of the valuation reports prepared by Adams Capital, Inc. as of September 30, 2005 (MBHN00108306), September 29, 2006 (MBHN00108969), September 28, 2007 (MBHN00109805), September 26, 2008 (MBHN00111477) and October 2, 2009 (MBHN00111678).

(g) Documentation supporting the Interagency Accounts Receivable Reports and allocation of accounts receivable payments for all defendant affiliates. Support has currently been identified for only one report (see, e.g., ANEWS0054066 - ANEWS0054632).

(h) Unredacted versions of the annual financial statements for fiscal years 2005 - 2009, provided in the files ANEWS0168706, ANEWS0168707, ANEWS0168710, ANEWS0168711, and ANEWS0168712.

*    *    *

Beyond the foregoing, Plaintiffs fully reserve their rights to identify, meet and confer on, and move with respect to, any and all matters. Moreover, Defendants are on notice that any responsive information and/or documents not produced in response to the discovery requests is subject to exclusion from use as evidence by the Anderson Defendants in the litigation.

We look forward to discussing these issues with you, at your convenience, at an upcoming telephonic conference. Please let us know when you are available.

Very truly yours,

Jeffrey B. Valle

Encl:  Exhibits A and B

cc:  Jeremy Ryan, Esq.
     Peter Clapp, Esq.
     David Shukan, Esq.

# Anderson News Matter
## Missing Documents

| Type of Missing File | Production | Bates Begin | Bates End | Date | Title | Description | Attachment to Email |
|---|---|---|---|---|---|---|---|
| Missing Native File | Debtor 13 | ANEWS0119972 | ANEWS0119972 | 9/10/2010 | Affiliate Payments for 10th request | In the location of the file, the document is sourced as "Requests from FTI 9/10/2010". Earlier or alternate versions of this document exist on bates pages ANEWS082134 and ANEWS0121610 | No |
| Missing Native File | Debtor 13 | ANEWS0119973 | ANEWS0119973 | 10/1/2008 | News Invoices for 10/2008 | In the location of the file, the document is sourced as "Requests from FTI 9/10/2010". | No |
| Missing Native File | Debtor 13 | ANEWS0120189 | ANEWS0120189 | 3/3/2009 | Lawson Cash Distribution 03/03/2009 | In the location of the file, the document is sourced as "Requests from FTI 9/10/2010". | No |
| Missing Native File | Debtor 13 | ANEWS0120190 | ANEWS0120190 | 9/10/2010 | Operating Expense Category Roll-up | In the location of the file, the document is sourced as "Requests from FTI 9/10/2010". Date is estimated as date sent. | No |
| Missing Native File | Debtor 13 | ANEWS0120191 | ANEWS0120191 | 9/8/2010 | Peachtree Cash Distribution to 20100908 | In the location of the file, the document is sourced as "Requests from FTI 9/10/2010". | No |
| Missing Native File | Debtor 13 | ANEWS0120192 | ANEWS0120192 | 11/1/2008 | TNG Invoice for 11/2008 | In the location of the file, the document is sourced as "Requests from FTI 9/10/2010". | No |
| Missing Native File | Debtor 13 | ANEWS0120698 | ANEWS0120698 | 9/3/2010 | Anderson Management | Missing Native File that was "Vendor List and Vendor Histories". An earlier or alternate version of this document exist in bates range ANEWS0086388 - ANEWS0086418 | No |
| Missing Native File | Debtor 13 | ANEWS0120699 | ANEWS0120699 | 9/3/2010 | Anderson Media | Missing Native File that was "Requested from FTI", and further classified as "Vendor List and Vendor Histories". An earlier or alternate version of this document exist in bates range ANEWS0086388 - ANEWS0086418 | No |
| Missing Native File | Debtor 13 | ANEWS0120702 | ANEWS0120702 | 9/3/2010 | Anderson News Dallas AR | Missing Native File that was "Requested from FTI", and further classified as "Vendor List and Vendor Histories". An earlier or alternate version of this document exist in bates range ANEWS0086388 - ANEWS0086418 | No |
| Missing Native File | Debtor 13 | ANEWS0120703 | ANEWS0120703 | 9/3/2010 | Anderson News LLC | Missing Native File that was "Requested from FTI", and further classified as "Vendor List and Vendor Histories". An earlier or alternate version of this document exist in bates range ANEWS0086388 - ANEWS0086418. | No |
| Missing Native File | Debtor 13 | ANEWS0120706 | ANEWS0120706 | 9/3/2010 | Anderson Services | Missing Native File that was "Requested from FTI", and further classified as "Vendor List and Vendor Histories". An earlier or alternate version of this document exist in bates range ANEWS0086388 - ANEWS0086418 | No |
| Missing Native File | Debtor 13 | ANEWS0120710 | ANEWS0120710 | 9/3/2010 | Brookvale Holdings | Missing Native File that was "Requested from FTI", and further classified as "Vendor List and Vendor Histories". An earlier or alternate version of this document exist in bates range ANEWS0086388 - ANEWS0086418 | No |
| Missing Native File | Debtor 13 | ANEWS0120714 | ANEWS0120714 | 9/3/2010 | Display Services | Missing Native File that was "Requested from FTI", and further classified as "Vendor List and Vendor Histories". An earlier or alternate version of this document exist in bates range ANEWS0086388 - ANEWS0086418 | No |
| Missing Native File | Debtor 13 | ANEWS0120716 | ANEWS0120716 | 9/3/2010 | First Media Capital | Missing Native File that was "Requested from FTI", and further classified as "Vendor List and Vendor Histories". An earlier or alternate version of this document exist in bates range ANEWS0086388 - ANEWS0086418 | No |
| Missing Native File | Debtor 13 | ANEWS0120720 | ANEWS0120720 | 9/3/2010 | Media Solutions | Missing Native File that was "Requested from FTI", and further classified as "Vendor List and Vendor Histories". An earlier or alternate version of this document exist in bates range ANEWS0086388 - ANEWS0086418 | No |

Exhibit A

# Anderson News Matter
## Missing Documents

| Type of Missing File | Production | Bates Begin | Bates End | Date | Title | Description | Attachment to Email |
|---|---|---|---|---|---|---|---|
| Missing Native File | Debtor 13 | ANEWS0120721 | ANEWS0120721 | 9/3/2010 | Msolutions | Missing Native File that was "Requested from FTI", and further classified as "Vendor List and Vendor Histories". An earlier or alternate version of this document exist in bates range ANEWS0086388 - ANEWS0086418. | No |
| Missing Native File | Debtor 13 | ANEWS0120724 | ANEWS0120724 | 9/3/2010 | Prologix Distribution East | Missing Native File that was "Requested from FTI", and further classified as "Vendor List and Vendor Histories". An earlier or alternate version of this document exist in bates range ANEWS0086388 - ANEWS0086418 | No |
| Missing Native File | Debtor 13 | ANEWS0120725 | ANEWS0120725 | 9/3/2010 | Prologix West | Missing Native File that was "Requested from FTI", and further classified as "Vendor List and Vendor Histories". An earlier or alternate version of this document exist in bates range ANEWS0086388 - ANEWS0086418 | No |
| Missing Native File | Debtor 13 | ANEWS0120726 | ANEWS0120726 | 9/3/2010 | Twin Rivers | Missing Native File that was "Requested from FTI", and further classified as "Vendor List and Vendor Histories". An earlier or alternate version of this document exist in bates range ANEWS0086388 - ANEWS0086418 | No |
| Missing / Deleted Attachment | Debtor 23 | ANEWS0169748 | ANEWS0169752 | 10/18/2006 | Assets transferred Twin Rivers and Media Solutions | Email about assets transferred out Media Solutions was billed for the assets | Yes |
| Missing / Deleted Attachment | Debtor 23 | ANEWS0169753 | ANEWS0169758 | 10/18/2006 | Assets transferred Twin Rivers and Media Solutions | Email about assets transferred out of Twin Rivers accounts because they were billed out. Media Solutions was billed for the assets | Yes |
| Missing Invoice and/or Check | Affiliate 03 | MBHN00039568 | MBHN00039586 | 3/28/2008, 4/4/2008 | Missing Invoices 62487194 and 62778194 | Missing Invoices 62487194 and 62778194 that should be included to support two payments for $5,580 on Check No 22776535. | No |
| Missing Invoice and/or Check | Affiliate 03 | MBHN00039697 | MBHN00039708 | 4/25/2008 | Missing Invoice 64002194 | Missing Invoice 64002194 that should be included to support the $4,560 payment shown on Check No. 22776658   A Check Request is shown at MBHN00039707 as support for the payment | No |
| Missing Invoice and/or Check | Affiliate 03 | MBHN00040079 | MBHN00040113 | 6/27/2008 | Missing Invoice 062708HON | Missing Invoice 062708HON that should be included to support the $13,220.70 payment shown on Check No. 22777600  Support for the payment is provided via a Check Request and A/P Subledger printout at MBHN00040080 and MBHN00040081, respectively. | No |
| Missing Invoice and/or Check | Affiliate 03 | MBHN00040315 | MBHN00040354 | 5/23/2008 | Missing Invoice 052308HON | Missing Invoice 052308HON that should be included to support the $10,727.09 payment shown on Check No. 22777129   Support for the payment is provided via a Check Request at MBHN00040343 | No |
| Missing Invoice and/or Check | Affiliate 03 | MBHN00040460 | MBHN00040468 | 9/26/2008 | Missing Invoice 092608HON | Missing Invoice 092608HON that should be included to support the $4,304.12 payment shown on Check No. 22779117.  Support for the payment is provided via an A/P Subledger printout at MBHN00040465 | No |
| Missing Invoice and/or Check | Affiliate 03 | MBHN00040573 | MBHN00040578 | 9/26/2008 | Missing Invoice 092608HONA | Missing Invoice 092608HONA that should be included to support the $24,247.10 payment shown on Check No 22779695   Support for the payment is provided via an A/P Subledger printout at MBHN00040575. | No |
| Missing Invoice and/or Check | Affiliate 03 | MBHN00040605 | MBHN00040610 | 11/21/2008 | Missing Invoice 112108HON | Missing Invoice 112108HON that should be included to support the $5,379.82 payment shown on Check No. 22780082.  Support for the payment is provided via a Check Request and A/P Subledger printout at MBHN00040606 and MBHN00040607, respectively | No |

Exhibit A

**Anderson News Matter**
**Missing Documents**

| Type of Missing File | Production | Bates Begin | Bates End | Date | Title | Description | Attachment to Email |
|---|---|---|---|---|---|---|---|
| Missing Invoice and/or Check | Affiliate 03 | MBHN00040625 | MBHN00040667 | 12/11/2008 | Missing Invoices Refer to Description | Invoices are not provided nor any other support for the following: Invoice 72481194 on 11/7/08 for $8,340.00; Invoice 72800194 on 11/14/08 for $8,340.00; Invoice 73440194 on 11/20/08 for $8,340.00; Invoice 73553194 on 11/21/08 for $1,400.00; Invoice 73615194 on 11/26/08 for $1,422.50; Invoice 73616194 on 11/26/08 for $8,340.00; and Invoice 74379194 on 12/10/08 for $26,140.83. These invoices are all included on Check No. 22780311 | No |
| Missing Invoice and/or Check | Affiliate 03 | MBHN00040672 | MBHN00040675 | 11/21/2008 | Missing Invoice 73525194 | Missing Invoice 73525194 that should be included to support the $4,735.94 payment on Check No. 22780353. No support is provided for this payment | No |
| Missing Invoice and/or Check | Debtor 04 | ANEWS00042556 | ANEWS00042556 | N/A | Missing Check 22776335 Missing Invoices 62487194 and 62778194 | Missing two invoices that are included on the check | No |
| Missing Native File | Debtor 14 | ANEWS0143726 | ANEWS0143726 | 6/29/2005 | 2006 Budget - SunTrust Agency Residuals | Budget 2006 - SunTrust Agency Residuals CORPU | Yes |
| Missing Native File | Debtor 14 | ANEWS0144062 | ANEWS0144062 | 11/22/2006 | Weekly System Close - Affidavit Processing Design | Email attachment from News (Sharon Thompson) to Twin Rivers. Attachment shows the Weekly System Close for the Affidavit Processing Design | Yes |
| Missing Native File | Debtor 17 | ANEWS0160560 | ANEWS0160560 | 3/27/2008 | AR import template_CVS_021308_to_Erin | AR import template_CVS_021308_to_Erin | No |
| Missing Native File | Debtor 17 | ANEWS0160681 | ANEWS0160681 | 12/11/2006 | TRTG Wish List.xls | TRTG Wish List.xls | No |
| Missing Native File | Debtor 17 | ANEWS0160745 | ANEWS0160745 | 1/31/2007 | Spreadsheet Prologix Responsibilities and Performance Metrics 01/31/07 | Spreadsheet Prologix Responsibilities and Performance Metrics 01/31/07 | No |
| Missing Native File | Debtor 17 | ANEWS0160784 | ANEWS0160784 | 8/22/2007 | Spreadsheet Missing_Inv_by_AGY.xls | Spreadsheet Missing_Inv_by_AGY.xls | No |
| Missing Native File | Debtor 17 | ANEWS0160785 | ANEWS0160785 | 8/22/2007 | Spreadsheet Invoices Not Updated in AR.xls | Spreadsheet Invoices Not Updated in AR.xls | No |
| Missing Native File | Debtor 17 | ANEWS0160786 | ANEWS0160786 | 8/22/2007 | Spreadsheet Invoices Not Updated in AR - Update 082107.xls | Spreadsheet Invoices Not Updated in AR - Update 082107.xls | No |
| Missing Support Documentation for Payments | Debtor 15 | ANEWS0149344 | ANEWS0149345 | 7/10/2006 | Check payment | This is payment from Anderson News to Display Services with Check number 22764381. The first page of the check appears to be missing - no total amount can be found on the other pages of this check | No |

Exhibit A

**Anderson News Matter**
**Missing Bates Pages**

| Debtor Production | | Affiliate Production | |
|---|---|---|---|
| Bates Begin | Bates End | Bates Begin | Bates End |
| ANEWS0169718 | ANEWS0169719 | MBHN00014625 | MBHN00014627 |
| ANEWS0169832 | ANEWS0169832 | | |
| ANEWS0169889 | ANEWS0169890 | | |
| ANEWS0170054 | ANEWS0170058 | | |
| ANEWS0170063 | ANEWS0170064 | | |
| ANEWS0170069 | ANEWS0170073 | | |
| ANEWS0170083 | ANEWS0170087 | | |
| ANEWS0170096 | ANEWS0170097 | | |
| ANEWS0170127 | ANEWS0170128 | | |
| ANEWS0170134 | ANEWS0170135 | | |
| ANEWS0170165 | ANEWS0170166 | | |
| ANEWS0170178 | ANEWS0170179 | | |
| ANEWS0170190 | ANEWS0170191 | | |
| ANEWS0170311 | ANEWS0170312 | | |
| ANEWS0170322 | ANEWS0170323 | | |
| ANEWS0170551 | ANEWS0170555 | | |
| ANEWS0170565 | ANEWS0170569 | | |
| ANEWS0170617 | ANEWS0170754 | | |
| ANEWS0170770 | ANEWS0170802 | | |
| ANEWS0170808 | ANEWS0170836 | | |
| ANEWS0170929 | ANEWS0170930 | | |
| ANEWS0171278 | ANEWS0171558 | | |
| ANEWS0171583 | ANEWS0172103 | | |
| ANEWS0172119 | ANEWS0172202 | | |
| ANEWS0172257 | ANEWS0172260 | | |
| ANEWS0172452 | ANEWS0172454 | | |
| ANEWS0172478 | ANEWS0172483 | | |
| ANEWS0172490 | ANEWS0172495 | | |
| ANEWS0172503 | ANEWS0172508 | | |
| ANEWS0172516 | ANEWS0172521 | | |
| ANEWS0172529 | ANEWS0172534 | | |
| ANEWS0172541 | ANEWS0172546 | | |
| ANEWS0172602 | ANEWS0172602 | | |
| ANEWS0172616 | ANEWS0172621 | | |
| ANEWS0172633 | ANEWS0172637 | | |
| ANEWS0172735 | ANEWS0172745 | | |
| ANEWS0172757 | ANEWS0172870 | | |
| ANEWS0172875 | ANEWS0173092 | | |
| ANEWS0173117 | ANEWS0173121 | | |
| ANEWS0173191 | ANEWS0173194 | | |
| ANEWS0173294 | ANEWS0173295 | | |
| ANEWS0173403 | ANEWS0173411 | | |
| ANEWS0173417 | ANEWS0173425 | | |
| ANEWS0173457 | ANEWS0173457 | | |
| ANEWS0173462 | ANEWS0173463 | | |
| ANEWS0176391 | ANEWS0176411 | | |
| ANEWS0176487 | ANEWS0176489 | | |
| ANEWS0176501 | ANEWS0176505 | | |
| ANEWS0176537 | ANEWS0176577 | | |
| ANEWS0176583 | ANEWS0176619 | | |
| ANEWS0176632 | ANEWS0176640 | | |

**Exhibit B**

**Anderson News Matter**
**Missing Bates Pages**

| Debtor Production | | Affiliate Production | |
| --- | --- | --- | --- |
| Bates Begin | Bates End | Bates Begin | Bates End |
| ANEWS0176648 | ANEWS0176650 | | |
| ANEWS0176668 | ANEWS0176672 | | |
| ANEWS0176678 | ANEWS0176682 | | |
| ANEWS0176688 | ANEWS0176692 | | |
| ANEWS0176698 | ANEWS0176702 | | |
| ANEWS0176708 | ANEWS0176711 | | |
| ANEWS0176717 | ANEWS0176720 | | |
| ANEWS0176726 | ANEWS0176730 | | |
| ANEWS0176736 | ANEWS0176740 | | |
| ANEWS0176746 | ANEWS0176750 | | |
| ANEWS0176756 | ANEWS0176833 | | |
| ANEWS0176839 | ANEWS0176915 | | |
| ANEWS0176921 | ANEWS0176996 | | |
| ANEWS0177002 | ANEWS0177077 | | |
| ANEWS0177083 | ANEWS0177159 | | |
| ANEWS0177165 | ANEWS0177241 | | |
| ANEWS0177247 | ANEWS0177323 | | |
| ANEWS0177329 | ANEWS0177405 | | |
| ANEWS0177411 | ANEWS0177486 | | |
| ANEWS0177492 | ANEWS0177568 | | |
| ANEWS0177574 | ANEWS0177649 | | |
| ANEWS0177655 | ANEWS0177730 | | |
| ANEWS0177736 | ANEWS0177812 | | |
| ANEWS0177874 | ANEWS0178011 | | |
| ANEWS0178056 | ANEWS0178060 | | |
| ANEWS0178073 | ANEWS0178107 | | |
| ANEWS0178113 | ANEWS0178151 | | |
| ANEWS0178182 | ANEWS0178200 | | |
| ANEWS0178264 | ANEWS0178272 | | |
| ANEWS0178288 | ANEWS0178292 | | |
| ANEWS0178508 | ANEWS0178540 | | |
| ANEWS0178548 | ANEWS0178552 | | |
| ANEWS0178597 | ANEWS0178605 | | |
| ANEWS0178868 | ANEWS0178889 | | |

**Exhibit B**