# EXHIBIT B

# ALSTON&BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424

404-881-7000
Fax: 404-253-8685
www.alston.com

**David A. Wender**    Direct Dial: **404-881-7354**    Email: **david.wender@alston.com**

February 13, 2015

*Via U.S. Mail and E-Mail*

Jeffrey B. Valle
VALLE MAKOFF LLP
11911 San Vicente Blvd., Suite 324
Los Angeles, CA 90049
jvalle@vallemakoff.com

    Re:    *American Media, Inc., et al. v. Anderson Management Services, Inc., et al., Adv. Proc. No. 11-53811: Response to Plaintiffs' February 3, 2015 Meet & Confer Letter*

Dear Jeffrey:

    I write in response to your letter dated February 3, 2015 requesting a meet and confer concerning the responses and objections of Anderson Management Services, Inc., Anderson Media Corporation, Anderson News Company Southwest, LLC, Anderson Services, LLC, Brookvale Holdings LLC, Display Services, Inc., First Media Capital Corporation, MSolutions, LLC, and Twin Rivers Technology Group, LLC (collectively, the "**Anderson Defendants**")[1] to the discovery from American Media, Inc., Bauer Magazine L.P., Bauer Publishing Company, L.P., Heinrich Bauer North American, Inc., Heinrich Bauer Publishing, L.P., Curtis Circulation Company, Kable Distribution Services, Inc., and Time/Warner Retail Sales & Marketing, Inc. ("**Plaintiffs**"), to which the Defendants responded on April 21 and May 6, 2014. I note that your letter is unclear as to exactly which discovery responses it is addressing and thus, the headings below are reprinted from your letter but may not be accurate. We have done our best to respond nonetheless. In anticipation of our meet and confer we wanted to be clear about our positions and reasoning in an effort to ensure the most efficient use of our time, and no response is final until after we conduct the meet and confer and are able to discuss the points with our clients. When we proceed it is our understanding that we will first address the issues raised in my letter to you of January 27, 2015, many of which are already the subject of a pending Motion to Compel that is scheduled for hearing on March 9, 2015, because those issues were first addressed in August and September, 2014. In that regard, during our last call we understood that your clients were finally going to get us the documents that were promised to be provided back

---

[1]     Capitalized terms not defined herein shall have the meanings ascribed to them in the Anderson Defendants' discovery responses.

Jeffrey B. Valle
VALLE MAKOFF LLP
February 13, 2015
Page 2

in August, 2014, and, as of the date of this letter, we still do not have them. Also, it would be beneficial to receive a written response to my January 27, 2015 letter as we have only one substantive email from last August from the Plaintiffs on any of the issues we have raised.

The following addresses the points in your letter on behalf of the Plaintiffs in the same order you present them.

Responses To First Set of Interrogatories To the Anderson Defendants

1. General Objections 1, 7.  Plaintiffs' letter questions the Anderson Defendants' objection based on applicable privileges and requests a privilege log. As Plaintiffs' letter acknowledges, a privilege has already been provided. Since Plaintiffs' letter acknowledges that such a log is sufficient, we will consider this issue resolved. At this time, the Anderson Defendants are not aware of additional documents withheld under a claim of privilege. The Anderson Defendants will comply with their continuing obligations under Federal Rule 26, and if the existing privilege log needs to be updated for any reason, the Anderson Defendants will do so.[2]

2. General Objection 3.  Plaintiffs state that the fact that the documents have already been produced "is not a ground for refusing to include or identify such information." Plaintiffs' position is not supported by Rule 26 of the Federal Rules of Civil Procedure. The plain language of Rule 26 provides that: "the court *must limit* the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that the discovery sought is *unreasonably cumulative or duplicative…*" Fed. R. Civ. P. 26(b)(2)(C)(i) (emphasis added). *See Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351-352 (U.S. 1978) ("discovery, like all matters of procedure, has ultimate and necessary boundaries"). As you are aware, Plaintiffs obtained significant discovery prior to the commencement of this Adversary Proceeding pursuant to the Order Granting Motion of Certain Magazine Creditors for an Order Authorizing Examinations Pursuant to Bankruptcy Rule 2004 [Bankruptcy Docket No. 314] (the "**Rule 2004 Discovery Order**"). As a result of the Rule 2004 Discovery Order, Plaintiffs received, among other things, every document produced to the Examiner. It is not appropriate for the Plaintiffs to ignore the extensive discovery received pursuant to the Rule 2004 Discovery Order and request that the Anderson Defendants duplicate those efforts for no discernible reason. "Although the quantity of production is not determinative, a voluminous prior production makes it considerably more likely that further discovery will be duplicative." *In re Merck & Co.*, 2012 U.S. Dist. LEXIS 144850, 33 (D.N.J. Oct. 5, 2012) (citation omitted). "The volume of prior discovery is a useful resource for estimating the burden

---

[2] The Anderson Defendants note that Plaintiffs provided an almost identical objection in their July 7, 2014 Discovery Responses and have failed to provide any privilege log. Please let us know when the Plaintiffs will produce their privilege log. When we have our meet and confer, this issue should be added to those to be discussed.

Jeffrey B. Valle
VALLE MAKOFF LLP
February 13, 2015
Page 3

that will be imposed on defendants by requiring them to repeat procedures similar to those that resulted in the prior production." *Id.* (denying motion to compel where prior production "further militates against requiring [the party] to conduct additional searches for relevant discovery as, again, production will likely be duplicative and cumulative" (citing FED. R. CIV. P. 26(b)(2)).[3]

Plaintiffs go on to state that the requested information should be "identified in full conformity with FRCP 33(d). As Plaintiffs quote, FRCP 33(d)(1) requires the responding party to identify the information such that the propounding party is able to locate the information "as readily as the responding party could." "A party, of course, must provide by way of answers to interrogatories the relevant facts readily available to it but it should not be required to enter upon extensive independent research in order to acquire such information." *La Chemise Lacoste v. Alligator Co.*, 60 F.R.D. 164, 171 (D. Del. 1973). When "all information necessary to answer the disputed interrogatories is equally available to the [the propounding party] via depositions, records and audit, there is no compelling reason to order the [responding party] to answer [propounding party's] interrogatories." *Spector Freight Systems, Inc. v. Home Indem. Co.*, 58 F.R.D. 162, 165 (N.D. Ill. 1973) (denying motion to compel). *See also Espinal v. Coughlin*, 2000 U.S. Dist. LEXIS 2297, 2-3, 2000 WL 245879 (S.D.N.Y. Mar. 2, 2000) ("With respect to those interrogatories which request information and data obtainable from available documents, the general rule is that a party should not be permitted to compel his opponent to make compilations or perform research and investigations with respect to statistical information which he might make for himself by obtaining the production of books and documents pursuant to Rule 34 of the Federal Rules of Civil Procedure, or by doing a little footwork, as the case may be."); *see also Cinema Amusements, Inc. v. Loew's, Inc.*, 7 F.R.D. 318, 322, 1947 U.S. Dist. LEXIS 1663, 9 (D. Del. 1947) ("Auditing, accounting, examination of books and compilation of data may be expensive and time-consuming operations and, where the books or documents are equally available to both parties, it is neither reasonable nor proper to expect a defendant to perform such services to an undue extent at his own expense for the sole benefit of an opposing party and to his own possible consequent disadvantage.").

Moreover, as your letter acknowledges that most of the documents were produced by the Debtor, and not the Anderson Defendants, the Plaintiffs are readily able to review the information and documents from the Prior Production to which the Plaintiffs have had full and complete access since before the commencement of this adversary proceeding. Indeed, obtaining the requested documents directly from that production, already provided

---

[3] The Anderson Defendants note that Plaintiffs provided an almost identical objection in their July 7, 2014 Discovery Responses ("Plaintiffs object to each Request that calls for documents or information that (a) are already in Requesting Party's possession, (b) have already been produced…." General Objection Number 3). In light of Plaintiffs' positions, Plaintiffs' demand is not valid.

Jeffrey B. Valle
VALLE MAKOFF LLP
February 13, 2015
Page 4

to Plaintiffs and at their disposal to review immediately, is more convenient, less burdensome, and less expensive than requiring the Anderson Defendants to go through the labor and time intensive effort to re-produce hundreds of thousands of pages of production. Further, the Plaintiffs have already been through the documents produced. The Elson Declaration submitted in opposition to the December 12, 2014 Motion for Summary Judgment makes it clear that your clients have received tremendous amounts of data and have analyzed it.

3. General Objection 4. Plaintiffs challenge the Anderson Defendants' objection concerning discovery requests that fall within the scope of the Bankruptcy Court's Orders concerning discovery and the Examiner and Examination. Your letter denies that any of the Plaintiffs' discovery is about the Examination. It is obvious that the discovery addressed the Examiner's work and is out of bounds and that it seeks information and documents that would disclose or circumvent the limitations on discovery about the thought process and work of the Examiner. The following discovery requests are two examples that make the point without the need for further explanation:

> ***REQUEST FOR PRODUCTION NO. 1:***
>
> *All DOCUMENTS responsive to any formal or informal request for DOCUMENTS or information made to YOU in connection with the preparation of the EXAMINER'S REPORT that YOU did not produce in connection with the preparation of the EXAMINER'S REPORT.*
>
> ***REQUEST FOR PRODUCTION NO. 2:***
>
> *All DOCUMENTS constituting or RELATING TO any index, outline, and/or other similar description of DOCUMENTS produced (whether or not by YOU) in connection with the preparation of the EXAMINER'S REPORT.*

4. General Objection 5. Plaintiffs state it is not valid to object to providing information that has been requested from a non-party. Rule 26 states otherwise. It provides that: "the court *must limit* the frequency or extent of discovery otherwise allowed by these rules or by local *rule if it determines that the discovery sought is unreasonably cumulative or duplicative,* or *can be obtained from some other source that is more convenient*, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i) (emphasis added). As the Plaintiffs have sought and obtained discovery from the Debtor, seeking duplicative production from the Anderson Defendants is not permitted under the rule.

5. General Objection 9. In your letter, you request legal support for our objection on the basis that the Anderson Defendants are not obligated to provide discovery that "is outside of the derivative standing authority that the Bankruptcy Court conferred upon the Derivative Plaintiffs" please see the following: examples. "It is proper to deny discovery

Jeffrey B. Valle
VALLE MAKOFF LLP
February 13, 2015
Page 5

of matter that is relevant only to claims or defenses that have been stricken…" *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351-352 (U.S. 1978). Since the Derivative Standing Order expressly limits what claims the Plaintiffs are able to bring, any other claims were stricken when they were barred. "Parties may only obtain discovery regarding issues properly presented and pending in the lawsuit." *In re Merck & Co.*, 2012 U.S. Dist. LEXIS 144850, 27, 2012 WL 4764589 (D.N.J. Oct. 5, 2012). *See also In re J & R Trucking, Inc.*, 431 B.R. 818, 821 (Bankr. N.D. Ind. 2010) ("Discovery can only take place in the context of some type of dispute—be it an adversary proceeding or a contested matter—and the scope of the inquiry is limited to issues which are relevant to that dispute."); *In re Buick*, 174 B.R. 299, 306 (Bankr. D. Colo. 1994) ("[A] creditor who has commenced an adversary proceeding should be limited to discovery, in that proceeding, pursuant to the Federal Rules of Civil Procedure as to: (1) entities affected by the pending adversary proceeding(s) and (2) issues addressed in its pending adversary proceeding(s)."). As the Bankruptcy Court only authorized Plaintiffs to pursue specific potential claims identified in the Examiner's Report and Plaintiffs' Complaint is limited to those claims, discovery may only be sought regarding the pending claims. You also ask us to indicate which document requests this relates to. Examples, as reflected on the face of the responses, include Interrogatories 1, 2, 3, 4, and Document Requests 1, 2, 3, 4, and 12. Plus, to the extent documents were produced to the Examiner, they were simultaneously produced to your clients and thus are part of the Productions your clients have already received and which were used, reviewed, and analyzed by you, your experts, and thus your clients, as set forth in the Elson Declaration.

6. <u>General Objection 10</u>. Except to the extent previously disclosed by Anderson News to the Bankruptcy Court and Plaintiffs with respect to a corrupted hard drive, the Anderson Defendants are not aware of any such information.

7. <u>General Objection 12</u>. There are two points to make in response to the comments in your letter. First, your client acknowledged almost a year ago that the interrogatories exceed the maximum, and when we asked to discuss how best to address your request to triple the number of permitted interrogatories because we did not agree with your suggestion of 75, we were told in an email on March 18, 2014:

> Thanks for your response [the request for a meet and confer by the Anderson Defendants]. As noted in my email last week, we intend to file a motion this week. We will note our attempt to confer and the difficulties of your schedules. Attached is a revised stipulation that adds in the proposed 75 interrogatory limit. If your clients and Prologix wish to comment prior to Friday, we welcome your thoughts. Absent agreement, we will file a motion on Friday seeking this relief.

No motion was filed, and the subject Interrogatories, which violate Federal Rule33(a)(1), were not served until April 3, 2014, clearly indicating that there was time to conduct the meet and confer in which the Plaintiffs refused to participate. As noted, the Plaintiffs did

Jeffrey B. Valle
VALLE MAKOFF LLP
February 13, 2015
Page 6

not obtain a Court order authorizing service of more than 25 interrogatories on the Anderson Defendants.

We will listen to a proposal during a meet and confer, but you drew a line in the sand a year ago, refused to discuss the issue, and we have been engaged in discovery since that time constrained by the limits of the rules without variation, and see no reason to change when we have already been subject to and limited by the rules that you refused to discuss.

Second, calculation of the number of interrogatories is determined by how subparts of the interrogatories are counted, and it is clear that the Plaintiffs' interrogatories exceed the amount allowed under the Federal Rules. Instructive here is *New Colt Holding Corp. v. RJG Holdings of Florida, Inc.*, 2003 WL 22305141 (D. Conn Feb. 6, 2003), where the court was confronted with a single interrogatory that concerned sixty-four (64) pictures of different revolvers. The *New Colt* court found the subparts involved distinct revolvers calling for individual commentary, and under this circumstance, each question was discrete. *Id.* at *2. Here, the Plaintiffs are asking the Anderson Defendants for information on 27 discrete "buckets." "[T]here has developed a common denominator on how to weigh an interrogatory's subparts as independent and discrete." *Carpenter v. Donegan*, 2012 U.S. Dist. LEXIS 35176, 6, 2012 WL 893472 (N.D.N.Y Mar. 15, 2012) (citing cases). That common denominator is "if the first question can be answered fully and completely without answering the second question, then the second question is totally independent of the first question and not factually subsumed within and necessarily related to the primary question." *Id*. Plaintiffs requested identifying information "[s]eparately for each of the buckets." There are 27 buckets. Providing the full and complete information for the first bucket can be done without providing any information for the second bucket. Thus, according to the aforementioned test, the question requesting certain information for any one bucket is totally independent of the requests for information for the other buckets and counting them as separate interrogatories is appropriate. Accordingly, the Anderson Defendants' General Objection is appropriate.

8. <u>Response to Interrogatories Nos. 1-12.</u> In Paragraph number 8 of your letter you ask two distinct questions (a) relating to the Anderson Defendants reliance on Rule 33(d) and (b) related to Plaintiffs' limited derivative standing. With respect to subpart (a), the Anderson Defendants direct you to numbered paragraph 2 above. With respect to subpart(b), the Anderson Defendants direct you to numbered paragraph 5 above.

9. <u>Response to Interrogatories Nos. 5-12.</u> In Paragraph number 9 of your letter you ask two distinct questions (a) relating to Plaintiffs' service of more than 25 interrogatories and (b) related to the Anderson News' solvency. With respect to subpart (a), the Anderson Defendants point you to numbered paragraph 7 above. With respect to subpart (b), your position is misplaced. First, in responding to Interrogatories 5-12, the Anderson Defendants properly identified the business records contained in the Prior Productions. *See* Paragraph 2 above. Second, the Anderson Defendants also properly identified that

discovery in the Antitrust Action, including expert reports and other information discovered therein, would likely include information concerning solvency. I note in that regard that we are still waiting for your clients to produce those documents as they were directed to do in the October 3, 2012 Order. As set forth in the Anderson Defendants' response, the Anderson Defendants will update their responses as information becomes available. Moreover, the plain language of Rule 26 provides that the facts or data considered by the expert must be contained *in the report*, and there is no obligation to produce them prior to that time except to the extent the information exists independently of the expert report and it has not otherwise been produced. Fed. R. of Civ. P. 26(a)(2)(B). As you know, any information my clients may have has already been produced. Further, we have indicated that with respect to solvency, documents have been produced in the Prior Productions and the Antitrust Action and ultimately is anticipated to include, among other things, expert reports (including, but not limited to, the expert reports of Leslie M. Marx, PhD, Thomas Z. Lys, PhD, Robert G. Picard, and Professor Guhan Subramanian, all dated April 16, 2014) and the jury verdict and judgment in the Antitrust Action. After April 16, 2015, it is my understanding that there have been additional expert reports provided in the Antitrust Action as well as expert depositions. These reports and the depositions are also responsive and we are waiting to receive the production of these materials from the Plaintiffs in accordance with the October 3, 2012 Order.

10. <u>Response to Interrogatories Nos. 6-7.</u> See numbered paragraph 3 above. These interrogatories seek information about documents requested by the Examiner but not produced to the Examiner. There are no such documents other than as may appear on a Privilege Log. All documents produced and the Privilege Logs have been provided to the Plaintiffs.

<u>Responses And Objections to Second Set of Interrogatories To FMC</u>

11. <u>General Objections, as above</u>. As paragraph 11 of your letter incorporates by reference "the same issues set forth in [paragraphs] 1-7 above" the Anderson Defendants incorporate by reference the responses set forth above.

12. <u>General Objection 7</u>. All responsive FMC documents have been produced in the Prior Productions. Further, Plaintiffs provided a similar objection in their July 7, 2014 Discovery Responses (Objection Number 2(c)) and failed to provide any such identification as to "the nature of that information" as Plaintiffs are requesting of Defendants.

13. <u>Responses to Interrogatories Nos. 13-36</u>. As paragraph 13 of your letter incorporates by reference "the discussion as to item 8(a), above" the Anderson Defendants incorporate by reference the responses set forth the discussion as to item 8(a) above, which applies similarly here.

Jeffrey B. Valle
VALLE MAKOFF LLP
February 13, 2015
Page 8

14. <u>Responses to Interrogatories Nos. 13-25</u>.  As paragraph 14 of your letter incorporates by reference "the discussion as to item 9(a), above" the Anderson Defendants incorporate by reference the responses set forth the discussion as to item 9(a) above, which applies similarly here.

15. <u>Responses to Interrogatories Nos. 26-36</u>.  As paragraph 13 of your letter incorporates by reference "the discussion as to item 9(b), above" the Anderson Defendants incorporate by reference the responses set forth the discussion as to item 9(b) above, which applies similarly here.

<u>Responses And Objections To First Set of Requests For Production To the Anderson Defendants</u>

16. <u>General Objections, as above</u>.  As paragraph 16 of your letter incorporates by reference "the same issues set forth in [paragraphs] 1-7 above" the Anderson Defendants incorporate by reference the responses set forth above.

17. <u>Responses Requests Nos. 1-5, 12</u>.  As paragraph 17 of your letter incorporates by reference "the discussion as to item 8(b), above" the Anderson Defendants incorporate by reference the responses set forth the discussion as to item 8(b) above, which applies similarly here.

18. <u>Responses to Requests Nos. 5-6</u>.  As set forth in the Responses and Objections to first Set of Requests for Production to the Anderson Defendants "All responsive non-privileged documents of the Anderson Defendants related to alleged transfers specifically identified in the Complaint have already been produced."

19. <u>Responses to Requests Nos. 7-10</u>.  The Anderson Defendants fully responded to these requests when they responded with: "Anderson Defendants note that they believe that no document exists in their possession, custody or control supporting the conclusion…." or "All responsive non-privileged documents of the Anderson Defendants related to alleged transfers specifically identified in the Complaint have already been produced or made available to Derivative Plaintiffs…"

20. <u>Responses to Requests Nos. 15, 17-28</u>.  As paragraph 20 of your letter addresses the same issues raised in paragraphs 2 and 9(b) of your letter, the Anderson Defendants incorporate by reference the responses set forth above.

21. <u>Response to Request No. 13</u>.  Plaintiffs' letter states this Request seeks documents to support an assertion made by the Anderson Defendants.  Plaintiffs' statement misconstrues the Anderson Defendants response to Request No. 13.  In responding to Request No. 13, the Anderson Defendants deny that the Debtor was under the control of any of the Anderson Defendants.  Plaintiffs' contention that the Debtor was under the control of the Anderson Defendants is a legal conclusion that the Anderson Defendants

do not have to respond to, but to the extent they do, they deny it. Through the letter, the Plaintiffs are now asserting that the Anderson Defendants are required to produce documents that prove a negative fact which is outside of the bounds of discovery. *See e.g. Smith v. Life Investors Ins. Co. of Am.*, 2009 U.S. Dist. LEXIS 58261, 15, 2009 WL 2045197 (W.D. Pa. July 9, 2009); *Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 620 (C.D. Cal 2013); *EEOC v. Sterling Jewelers Inc.*, 2012 U.S. Dist. LEXIS 67220, 6, 2012 WL 1680811 (W.D.N.Y. May 14, 2012). Moreover, the Anderson Defendants fully responded in their response: "All responsive, non-privileged documents of the Anderson Defendants regarding their corporate structure during the time period relevant to the Complaint have already been produced or made available to Derivative Plaintiffs…"

22. Responses to Requests Nos. 14-16. The Anderson Defendants have already produced all responsive documents it has. Its responses are clear that "All responsive, non-privileged documents of the Anderson Defendants related to alleged transfers specifically identified in the Complaint have already been produced or made available to the Derivative Plaintiffs, as set forth in General Objection No. 3." The objection is to the extent that *solvency, reasonably equivalent value, whether there existed creditors holding allowable unsecured claims,* and the other technical terms in these Document Requests are mixed questions of fact and law, but the fact remains that documents have been produced, and some remain to be produced such as with the expert reports discussed earlier.

Responses And Objections To Second Set Of Requests For Production To Anderson Defendants (Third Set as to FMC)

23. General Objections, as above. As paragraph 23 of your letter incorporates by reference "the same issues set forth in [paragraphs] 1-7 above" the Anderson Defendants incorporate by reference the responses set forth above.

Responses and Objections to Second Set Of Requests for Production of FMC

24. General Objections, as above. As paragraph 24 of your letter incorporates by reference "the same issues set forth in [paragraphs] 1-7 above" the Anderson Defendants incorporate by reference the responses set forth above.

Response to Requests Nos. 35-37, 41, 42, 45, 48, 53. FMC has already produced all responsive documents it has. Its responses are clear that "all responsive, non-privileged documents of FMC related to [ . . . ] have already been produced or made available to Derivative Plaintiffs" and that "Upon discovery of any additional, non-privileged, responsive documents FMC will produce those documents at a mutually agreed upon time and location." The objection is to the extent that *solvency, reasonably equivalent value, true sale,* and the other technical terms in these Document Requests are mixed questions of fact and law, but the fact remains that documents have been produced, and some remain to be produced such as with the expert reports discussed earlier.


Jeffrey B. Valle
VALLE MAKOFF LLP
February 13, 2015
Page 10

25. <u>Responses to Requests Nos. 36, 37, 42, 51</u>.  As paragraph 26 of your letter incorporates by reference "the discussion as to item 20, above" the Anderson Defendants incorporate by reference the responses set forth the discussion as to item 20 above, which applies similarly here.

26. <u>Responses to Requests Nos. 43, 45, 46, 47</u>.  FMC has already produced all responsive documents it has.  Its responses are clear that "all responsive, non-privileged documents of FMC related to [ . . . ] have already been produced or made available to Derivative Plaintiffs" and that "Upon discovery of any additional, non-privileged, responsive documents FMC will produce those documents at a mutually agreed upon time and location."  The response did not state that documents had been or would be withheld.  Notwithstanding the preceding (each of which was set forth in the Response), FMC stated that it disagreed with Plaintiff's attempt to limit the request for production to a desired legal conclusion.  *See Innovative Piledriving Products, LLC v. Oy,* No.1:04–CV–453, 2005 U.S. Dist. Lexis 14744, * 9–10 (N.D. Ind. July 21, 2005) (court sustained the objection that "the document speaks for itself" in response to an interrogatory asking the party to "set forth [the party's] understanding of the specific terms of the Renewed License Agreement.") (citing *Tropp v. Western–Southern Life Ins. Co.,* No. 02 C 8341, 2003 WL 688245, at *10 (N.D. Ill. July 18, 2003) ("[a]n agreement, when reduced to writing, must be presumed to speak the intention of the parties who signed it. It speaks for itself, and the intention with which it was executed must be determined from the language used.")).

27. <u>Responses to Requests Nos. 52, 54-57</u>.  As paragraph 28 of your letter incorporates by reference "the discussion as to item 19, above" the Anderson Defendants incorporate by reference the responses set forth the discussion as to item 19 above, which applies similarly here.

<u>Responses And Objections To First Set Of Requests For Admissions To FMC</u>

28. <u>General Objection 3</u>.  Notwithstanding General Objection No. 3, the Anderson Defendants responded to each Request for Admission and, in response to Plaintiffs' separate request for production noted that all responsive, non-privileged documents of FMC had been produced or would be produced upon discovery.  Plaintiffs' letter challenges this objection which takes issue with any request that requires FMC to interpret documents.  "[A] request for admission as to a central fact in dispute – i.e. the core of plaintiff's asserted contentions – is beyond the proper scope of normal discovery."  *Quicken Loans v. Jolly*, 2007 U.S. Dist. LEXIS 84423, 3-5, 2007 WL 3408551 (E.D. Mich. Nov. 15, 2007) ("Requests for admissions should not be directed toward conclusions of law").  *See also Iantosca v. Benistar Admin Servs., Inc.*, 2012 U.S. Dist. LEXIS 7896, 8, 109 A.F.T.R.2d (RIA) 662, 2012 WL 220224 (D. Mass. 2012) (denying motion to compel request for admission "because that request is argumentative and calls for admissions of facts not established on the record").  Therefore, to the extent the correct interpretation of any document is a central fact in dispute, the request is

Jeffrey B. Valle
VALLE MAKOFF LLP
February 13, 2015
Page 11

       inappropriate and the objection is warranted. Notwithstanding the preceding, FMC states that it believes that has not withheld any information from discovery in this action.

29. <u>Responses to Requests Nos. 1-272, 281-83, 288, 290, 291</u>. FMC provided answers to each of the underlying facts in the Request for Admission. The legal consequence of any fact, or set of facts, is not admitted.

30. <u>Responses to Requests Nos. 7, 8, 15, 16, 23, 24, 3, 32, 39, 40, 47, 48, 55, 56, 63, 64, 71, 72, 79, 80, 87, 88, 95, 96, 103, 104, 111, 112, 119, 120, 127, 128, 135, 136, 143, 144, 151, 152, 159, 160, 167, 168, 175, 176, 183, 184, 191, 192, 199, 200, 207, 208, 215, 216, 223, 224, 231, 232, 239, 240, 247, 248, 255, 256, 263, 264, 271-75, 293-96</u>. In each instance the defendants directly addressed any fact they knew in a Request for Admission like the date and amount of a transfer, and denied allegations that Anderson News was insolvent or generally not paying its debts as they came due at a given point in time. Plaintiffs' letter states "[n]o prohibition exists as to asking questions about persons or entities other than the responding party." However a reasonable inquiry is an inquiry "limited to persons and documents within the responding party's control (e.g., its employees, partners, corporate affiliates, etc.)." *Petro v. Jones*, 2014 U.S. Dist. LEXIS 31664, 9 (E.D. Ky. Mar. 12, 2014); *See also United States ex rel. Englund v. Los Angeles*, 235 F.R.D. 675, 685 (E.D. Cal. 2006) ("a party cannot be forced to admit or deny facts testified to by a third party witness as to which the responding party has no personal knowledge"). The objection is valid and the responses to the Requests for Admission are fulsome.

    <u>Responses To Numbers Paragraphs on pages 8-9</u>

       In paragraphs (1) and (2), Plaintiffs raise questions concerning certain documents listed on Exhibit A and B. As you are aware, to facilitate a streamlined production of documents, all documents produced in respect of the Examination, all of which were simultaneously produced to your clients, were physically produced by the Debtor, Anderson News. Accordingly, this request should be directed to the Debtor. Nevertheless, as the Anderson Defendants also received copies of documents produced by Anderson News to Plaintiffs at the same time they were received by the Plaintiffs, as an accommodation, the Anderson Defendants will determine whether it has any of the items identified and requested in Exhibit A and B and, to the extent we have any such documents, they will be produced.

       In paragraph (3), Plaintiffs raise questions regarding documents that they believe may not have been included in the Prior Productions. The Anderson Defendants and the Debtor, Anderson News, have produced responsive, non-privileged documents in the Prior Productions. To the extent that you believe that the Anderson Defendants have failed to produce documents listed in paragraph (3) in response to a pending request, please identify the specific discovery request that applies to the documents listed. Paragraph (3) also ask for documents from the Debtor, Anderson News. This request should be directed to the Debtor.

Jeffrey B. Valle
VALLE MAKOFF LLP
February 13, 2015
Page 12

      We believe that the Anderson Defendants' responses to your clients' discovery requests meet the requirements of the Federal Rules of Civil Procedure and applicable law regarding discovery. Your letter indicates that you would like to discuss these issues further, and, as noted above, it is our understanding that we will first address the issues raised in my letter to you of January 27, 2015. We think the issues in the January 27, 2015 letter we need to address should take approximately 30-45 minutes based on our last call, and I do not know how much time you think you will need to address your letter. I would propose setting up a meet and confer call during the afternoon on February 16, the morning on February 17, the afternoon on February 18, or the early afternoon on February 20, 2015. These are all Eastern times. Please let me know which times you prefer.

                                          Very truly yours,

                                          David A. Wender

cc:    David Shukan, Esq.
        Jeremy Ryan, Esq.
        Domenic E. Pacitti, Esq.
        Grant T. Stein, Esq.