# EXHIBIT E

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ANDERSON NEWS, LLC, | Case No. 09-10695 (CSS) |
| Debtor. | |
| AMERICAN MEDIA, INC., *et al.*, on behalf of ANDERSON NEWS, LLC, Debtor and Debtor In Possession, | |
| Plaintiffs, | |
| v. | Adv. Proc. No 11 – 53811 (CSS) |
| ANDERSON MANAGEMENT SERVICES, INC., *et al.*, | |
| Defendants. | |

**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY PLAINTIFFS UPON (1) ANDERSON MANAGEMENT SERVICES, INC., (2) ANDERSON MEDIA CORPORATION, (3) ANDERSON NEWS COMPANY SOUTHWEST, LLC, (4) ANDERSON SERVICES, LLC, (5) BROOKVALE HOLDINGS LLC, (6) DISPLAY SERVICES, INC., (7) FIRST MEDIA CAPITAL CORPORATION, (8) MSOLUTIONS, LLC, (9) PROLOGIX DISTRIBUTION SERVICES EAST, LLC AND (10) TWIN RIVERS TECHNOLOGY GROUP, LLC**

Plaintiffs American Media, Inc., Bauer Magazine L.P., Bauer Publishing Company, L.P., Heinrich Bauer North American, Inc., Heinrich Bauer Publishing, L.P., Curtis Circulation Company, Kable Distribution Services, Inc., and Time/Warner Retail Sales & Marketing, Inc. hereby propound the following Requests For Production Of Documents (the "RFPs"), individually and separately notwithstanding being submitted in a single document, upon Defendants Anderson Management Services, Inc., Anderson Media Corporation, Anderson News Company Southwest, LLC, Anderson Services, LLC, Brookvale Holdings LLC, Display Services, Inc., First Media Capital Corporation, MSolutions, LLC, Prologix Distribution Services East, LLC And Twin Rivers Technology Group, LLC (collectively, the "Responding Parties" and each individually a "Responding Party"). These RFPs are served pursuant to Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and require a separate response and production from each Responding Party in accordance with the Bankruptcy Rules and the Definitions and Instructions appearing herein after the individual RFPs.

## REQUESTS FOR PRODUCTION

1. All DOCUMENTS RELATING TO one or more TRANSFERS that YOU received directly or indirectly from, or made directly or indirectly to, the DEBTOR any time from March 2, 2005 to the PETITION DATE, inclusive.

2. All DOCUMENTS RELATING TO one or more INTERCOMPANY POSTINGS that YOU made, received, or recorded any time from March 2, 2005 to the PETITION DATE, inclusive.

3. All DOCUMENTS constituting or RELATING TO one or more agreements (including but not limited to drafts thereof) under which the DEBTOR made

one or more TRANSFERS and/or INTERCOMPANY POSTINGS to YOU any time from March 2, 2005 to the PETITION DATE, inclusive.

4.      All DOCUMENTS specifying, calculating the value of, or otherwise RELATING TO any consideration paid or given by YOU in connection with any TRANSFER to YOU from the DEBTOR or INTERCOMPANY POSTING received by YOU or in YOUR favor any time from March 2, 2005 to the PETITION DATE, inclusive.

5.      All DOCUMENTS responsive to any formal or informal request for DOCUMENTS or information made to YOU in connection with the preparation of the EXAMINER'S REPORT that YOU did not produce in connection with the preparation of the EXAMINER'S REPORT.

6.      All DOCUMENTS constituting or RELATING TO any index, outline, and/or other similar description of DOCUMENTS produced (whether or not by YOU) in connection with the preparation of the EXAMINER'S REPORT.

7.      All DOCUMENTS containing information to which the following comment in the EXAMINER'S REPORT refers: "… further information with regards to the missing sampling items may have been located with further investigation; however such information has not been provided to us as of the issuance of the report." (EXAMINER'S REPORT Part II at 181).

8.      All DOCUMENTS to which the following comment in the EXAMINER'S REPORT refers (as being lacking): "… there remains 6 out of 27 buckets for which no or incomplete documentation has been provided for each of the sampled postings.  For

3

these buckets, it was concluded that further examination into whether potential fraudulent transfers were made is warranted." (EXAMINER'S REPORT Part II at 183-84).

9. All DOCUMENTS containing any degree of support of matters for which the following comment in the EXAMINER'S REPORT refers as having incomplete support: "Incomplete Support." (EXAMINER'S REPORT Part II at 184 (in table)).

10. All DOCUMENTS that YOU contend or believe refute, in whole, in part, and/or in combination with other DOCUMENTS, the statement on page 203 of the EXAMINER'S REPORT that "As a result the Debtor was insolvent by February 1, 2009 under Delaware's UFTA."

11. All DOCUMENTS constituting or RELATING TO the DEBTOR's General Ledger and/or any Chart Of Accounts RELATING TO any such General Ledger.

12. DOCUMENTS sufficient to fully show YOUR corporate structure, subsidiaries, and affiliates, including any changes thereof, from March 2, 2005 to the present.

13. All DOCUMENTS that YOU contend and/or believe support, to any extent, the statement in Paragraph 22 of YOUR Answer in THIS ADVERSARY PROCEEDING that "[Responding Party] denies that Anderson Media controls the Anderson Defendants and/or a family of undefined companies (vaguely defined as the Anderson Entities above) and all other allegations in Paragraph 22 of the Complaint."

14. All DOCUMENTS that YOU contend and/or believe support, to any extent, the statement in Paragraph 216 of YOUR Answer in THIS ADVERSARY PROCEEDING that "To the extent a response is required, [Responding Party] denies the allegations in Paragraph 216 of the Complaint."

15. All DOCUMENTS that YOU contend and/or believe support, to any extent, the statement in Paragraph 217 of YOUR Answer in THIS ADVERSARY PROCEEDING that "To the extent a response is required, [Responding Party] denies the allegations in Paragraph 217 of the Complaint and specifically denies the Debtor was or is insolvent."

16. All DOCUMENTS that YOU contend and/or believe support, to any extent, the statement in Paragraph 219 of YOUR Answer in THIS ADVERSARY PROCEEDING that "To the extent a response is required, [Responding Party] denies the allegations in Paragraph 219 of the Complaint."

17. All DOCUMENTS that YOU contend and/or believe support, to any extent, the First Affirmative Defense asserted in YOUR Answer in THIS ADVERSARY PROCEEDING.

18. All DOCUMENTS that YOU contend and/or believe support, to any extent, the Second Affirmative Defense asserted in YOUR Answer in THIS ADVERSARY PROCEEDING.

19. All DOCUMENTS that YOU contend and/or believe support, to any extent, the Third Affirmative Defense asserted in YOUR Answer in THIS ADVERSARY PROCEEDING.

20. All DOCUMENTS that YOU contend and/or believe support, to any extent, the Fourth Affirmative Defense asserted in YOUR Answer in THIS ADVERSARY PROCEEDING.

21. All DOCUMENTS that YOU contend and/or believe support, to any extent, the Fifth Affirmative Defense asserted in YOUR Answer in THIS ADVERSARY PROCEEDING.

22. All DOCUMENTS that YOU contend and/or believe support, to any extent, the Sixth Affirmative Defense asserted in YOUR Answer in THIS ADVERSARY PROCEEDING.

23. All DOCUMENTS that YOU contend and/or believe support, to any extent, the Seventh Affirmative Defense asserted in YOUR Answer in THIS ADVERSARY PROCEEDING.

24. All DOCUMENTS that YOU contend and/or believe support, to any extent, the Eighth Affirmative Defense asserted in YOUR Answer in THIS ADVERSARY PROCEEDING.

25. If YOU have asserted one, all DOCUMENTS that YOU contend and/or believe support, to any extent, the Ninth Affirmative Defense asserted in YOUR Answer in THIS ADVERSARY PROCEEDING.

26. If YOU have asserted one, all DOCUMENTS that YOU contend and/or believe support, to any extent, the Tenth Affirmative Defense asserted in YOUR Answer in THIS ADVERSARY PROCEEDING.

27. If YOU have asserted one, all DOCUMENTS that YOU contend and/or believe support, to any extent, the Eleventh Affirmative Defense asserted in YOUR Answer in THIS ADVERSARY PROCEEDING.

28. If YOU have asserted one, all DOCUMENTS that YOU contend and/or believe support, to any extent, the Twelfth Affirmative Defense asserted in YOUR Answer in THIS ADVERSARY PROCEEDING.

## **DEFINITIONS**

Preliminary note: It is possible that one or more terms defined below might not be used elsewhere herein. Their definitions are maintained here so as to maintain lettering consistency with other discovery requests, for reference purposes.

A. "YOU" and "YOUR" refer to the particular Responding Party responding to these RFPs (for example, for purposes of Anderson Management Services, Inc.'s responses and production, "YOU" and "YOUR" refer to Anderson Management Services, Inc.; for purposes of Anderson Media Corporation's responses and production, "YOU" and "YOUR" refer to Anderson Media Corporation; etc.), including any person or entity acting on the Responding Party's behalf in the context of the usage.

B. "THIS ADVERSARY PROCEEDING" means the adversary proceeding styled *American Media, Inc., et al. v. Anderson Management Services, Inc., et al.*, Adv. Proc. No. 11-53811 (CSS), pending in the CHAPTER 11 CASE.

C. "CHAPTER 11 CASE" means the DEBTOR'S chapter 11 case, styled *In re Anderson News, LLC*, Case No. 09-10695 (CSS), pending in the United States Bankruptcy Court for the District of Delaware.

D. "DEBTOR" means Anderson News, LLC, the debtor and debtor in possession in the CHAPTER 11 CASE, before and/or after the PETITION DATE.

E.  "COMMUNICATION" means any act, action, oral speech, written correspondence, contact, expression of words, thoughts, ideas, transmission or exchange of data or other information to another person or entity, whether orally, person-to-person, in a group, by telephone, letter, personal delivery, e-mail, instant message, SMS, facsimile, recorded message, or any other process, whether electric, electronic, or otherwise.

F.  "DOCUMENTS" means, as broadly as possible consistent with the Bankruptcy Rules, any and all writings and records, including, but not limited to originals and all copies, unless identical, regardless of origin or location, of written, recorded and graphic matter, however produced or reproduced, formal or informal, including without limitation, correspondence, records, tables, charts, analyses, graphs, schedules, reports, memoranda, notes, lists, calendar and diary entries, letters (sent or received), telegrams, telexes, e-mails, instant messages, messages, studies, books, circulars, bulletins, instructions, papers, files, minutes, questionnaires, contracts, drafts, agreements, assignments, licenses, ledgers, books of accounts, invoices, statements, bills, checks, vouchers, notebooks, receipts, acknowledgements, data processing cards, photographs, photographic negatives, phonographic records, tape recordings, wire recordings, disc recordings, other electronic or mechanical recordings, transcripts or logs of any such recordings, COMMUNICATIONS preserved in any way, all other data compilations from which information can be obtained or translated, including but not limited to, any information contained in computers, computer discs, computer drivers, tapes, or otherwise generated and/or stored electronically, and any other tangible things of a similar nature, and includes all such material of every kind prepared by, on behalf of, or

for, YOU or which at any time was in the actual or constructive possession, custody, or control of YOU and/or any of YOUR agents, employees, affiliates, attorneys, accountants, and/or other persons or entities acting on YOUR behalf, and/or which YOU can locate or discover by reasonably diligent efforts.

G. "EXAMINER'S REPORT" the Report of Don A. Beskrone, Esq., Examiner, dated May 12, 2011, as filed in the Chapter 11 Case (Docket # 852).

H. "TRANSFER" has the meaning given to it in section 101(54) of the BANKRUPTCY CODE.

I. "INTERCOMPANY POSTING" means one or more of the Intercompany Postings as that term is used in the EXAMINER'S REPORT (in particular in Part II, pages 173-89 thereof), and in the aggregate the term "INTERCOMPANY POSTINGS" includes at least all transactions identified and/or described as Intercompany Postings in Part II of the EXAMINER'S REPORT, pages 173-89.

J. "BANKRUPTCY CODE" means the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532.

K. "UFTA" means the Uniform Fraudulent Transfer Act as enacted in Delaware, 6 Del. C. §§ 1301-1313.

L. "INSOLVENT" means insolvent, as that word is defined in section 101(32) of the Bankruptcy Code and/or in section 1302 of the UFTA.

M. "PETITION DATE" means March 2, 2009.

N. "IDENTIFY" and its forms means (1) with respect to a TRANSFER or INTERCOMPANY POSTING, to state the item's date, amount, transferor, transferee,

9

purpose, agreement (if any) pursuant to which it was made, and each DOCUMENT referencing the item; and (2) with respect to a DOCUMENT, to state the DOCUMENT's Bates number if the DOCUMENT has previously been produced (regardless of by whom) connection with THIS ADVERSARY PROCEEDING, the CHAPTER 11 CASE, and/or the preparation of the EXAMINER'S REPORT, and/or is being produced in response to any Request For Production Of Documents propounded upon YOU on or before the date that these RFPs were propounded upon YOU, or if the DOCUMENT has not been or is not being so produced, then to state its creation date, type, author(s), recipient(s), subject matter(s), and location(s) it can be found.

O.     "RELATING TO" a stated item, matter, or subject means directly or indirectly mentioning, describing, pertinent to, related to, connected with, or reflecting upon, that stated item, matter, or subject.

## INSTRUCTIONS

1.     Pursuant to Rule 7034 of the Bankruptcy Rules, YOU are required to respond to the RFPs within 30 days after service hereof.

2.     In responding to the RFPs, YOU shall serve YOUR responses and furnish all responsive DOCUMENTS in YOUR possession, custody, or control and all information available to YOU and/or available to any person or entity acting on YOUR behalf (including but not limited to agents, representatives, and consultants) on counsel to the Plaintiffs, Jeffrey B. Valle, Valle Makoff LLP, 11911 San Vicente Blvd., Suite 324, Los Angeles, California 90049.

3.       In accordance with the Bankruptcy Rules and F.R.Civ.P. 34(b)(2)(E), YOU must either produce DOCUMENTS as they are kept in the usual course of business or must organize and label them to correspond to the categories in the RFPs. Strict compliance with this obligation is required.

4.       In producing DOCUMENTS or other data maintained electronically, such information shall be produced in tiff format with extracted metadata. Metadata for e-mail files shall include, to the extent applicable, to (recipient), from (author), cc, bcc, subject, text (e-mail body), sent date, sent time, file format (application or type), information associating the e-mail with its corresponding attachment(s), folder name, and custodian. Metadata associated with other DOCUMENTS shall include, to the extent applicable, the custodian, file name, file size, file type (application), folder name (including available path information), date created, date last modified, and date last accessed. Images shall be produced with optical character recognition (OCR) data to enable full-text searching.

5.       If YOU cannot produce all DOCUMENTS responsive to these RFPs after exercising due diligence to secure them, so state and furnish DOCUMENTS to the fullest extent possible, specifying YOUR inability to furnish the remainder and stating whatever information YOU have concerning the unproduced DOCUMENTS. If YOUR response is qualified in any particular manner, fully set forth the details of such qualification.

6.       If YOU object to any part of these RFPs and withhold DOCUMENTS based upon such objections, state YOUR objections and produce DOCUMENTS as completely as consistent with any well-founded objections. For example, to the extent YOU believe any RFP is objectionably vague or ambiguous, state YOUR objection, but then state a reasonable understanding of the allegedly vague or ambiguous portion and

11

produce DOCUMENTS in accordance with the RFP as so understood. As another example, to the extent YOU believe an RFP is overbroad, state YOUR objection, but then state the smallest limitation on the RFP that in YOUR view makes the RFP in YOUR view not overbroad, and produce DOCUMENTS in accordance with the RFP as so limited. Do not withhold DOCUMENTS on the ground that YOU object to the description or characterization of a known item or matter but rather, if YOU believe that the description or characterization of a known item or matter is inaccurate, state what YOU believe is the correct description or characterization and produce DOCUMENTS accordingly.

7. In the event that YOU wish to assert the attorney-client privilege and/or the work product doctrine or any other privilege as to any RFP herein, then, separately for each DOCUMENT withheld pursuant to such assertion, identify (a) the DOCUMENT, (b) the sender(s) and recipient(s) of such DOCUMENT and all copies of such DOCUMENT, (c) the date of the DOCUMENT, (d) the subject matter of the DOCUMENT, (e) the nature of the privilege or doctrine claimed, and (f) the facts or grounds supporting the claim of privilege, in sufficient detail to permit the Court to reach a determination as to the propriety of such assertion.

8. If any DOCUMENT described herein was, but no longer is, within YOUR possession, custody or control, or that of a person or entity acting on YOUR behalf, state in detail: (a) a summary of the contents of the DOCUMENT; (b) what disposition was made of the DOCUMENT; (c) the date of such disposition; (d) the reason for such disposition; (e) whether the original or a copy thereof is within the possession, custody or

control of any other person or entity, and (f) if the answer to (e) is affirmative, the identity of that person or entity.

9. In responding to the RFPs, YOU should base YOUR response on, and produce, all information and DOCUMENTS available to YOU, including but not limited to information and DOCUMENTS in the possession of YOUR attorneys, YOUR and their investigators, and/or other persons or entities acting on YOUR behalf. If YOU cannot answer or produce DOCUMENTS in response to any RFP in full after exercising due diligence to secure the information and/or DOCUMENTS sought, then respond and produce DOCUMENTS to the fullest extent possible, specifying YOUR inability to answer and/or produce DOCUMENTS further and stating whatever information or knowledge YOU have concerning any unanswered portions or unproduced DOCUMENTS.

10. If YOU assert lack of information or knowledge as a reason for failure to fully respond to any RFP herein, YOU shall truthfully state that YOU have made a reasonable inquiry and search and the information known to or readily obtained by YOU is insufficient to enable YOU provide additional information or produce any additional DOCUMENTS as to that RFP.

11. The singular form of a word shall also refer to the plural, and vice versa; "including" means including without limitation, and the terms "and," "or," and "and/or" are to be construed, when it makes a difference, so that any particular DOCUMENT is included rather than excluded from the scope of the RFP.

12. These RFPs are continuing in nature, and should YOU discover information of a type addressed by Bankruptcy Rule 7026 and/or F.R.Civ.P. 26(e), YOU shall supplement YOUR responses and production thereto.

13. Notwithstanding anything else herein, any DOCUMENT previously produced to Plaintiffs as a group (not solely in the possession of or available to DEBTOR to the exclusion of Plaintiffs as a group), including through the Examiner, in connection with THIS ADVERSARY PROCEEDING and/or the CHAPTER 11 CASE is excluded from the coverage of these RFPs as to YOU to the extent that YOU identify in YOUR response such previously produced, responsive DOCUMENT by previous Bates number and RFP(s) herein to which it is responsive. Accordingly, any objection that some or all of the requested DOCUMENTS have already been produced to Plaintiffs as a group in connection with THIS ADVERSARY PROCEEDING and/or the CHAPTER 11 CASE would be improper, as the RFPs do not call for any DOCUMENT from YOU that has been so produced or made available again, provided YOU identify it by number and category, which since YOU would not be producing it as maintained in usual course of business YOU would be obligated to do if producing it in the first instance.

| | |
|---|---|
| Dated: March 18, 2014<br>Wilmington, DE | **POTTER ANDERSON & CORROON LLP**<br><br>/s/  Jeremy W. Ryan<br>Stephen C. Norman (DE Bar No. 2686)<br>Jeremy W. Ryan (DE Bar No. 4057)<br>Etta R. Wolfe (DE Bar No. 4164)<br>Ryan M. Murphy (DE Bar No. 5517)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, Delaware 19801<br>Telephone:  (302) 984-6000<br>Facsimile:  (302) 658-1192<br>snorman@potteranderson.com<br>jryan@potteranderson.com<br>ewolfe@potteranderson.com<br>rmurphy@potteranderson.com<br><br>and<br><br>OF COUNSEL:<br><br>Jeffrey B. Valle<br>**VALLE MAKOFF LLP**<br>11911 San Vicente Blvd., Suite 324<br>Los Angeles, CA 90049<br>Telephone:  (310) 476-0300<br>Facsímile:  (310) 476-0333<br>jvalle@vallemakoff.com<br><br>*Counsel for American Media, Inc., Bauer Magazine L.P., Bauer Publishing Company, L.P., Heinrich Bauer North American, Inc., Heinrich Bauer Publishing, L.P., Curtis Circulation Company, Kable Distribution Services, Inc., and Time/Warner Retail Sales & Marketing, Inc.* |